# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JOHN DOE,
and the AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, as Next Friend,
125 Broad Street, 18th Floor
New York, NY 10004

Civil Action No. _____

*Petitioners*,

v.

GEN. JAMES N. MATTIS,
   in his official capacity as SECRETARY OF
   DEFENSE,
1400 Defense Pentagon
Washington, DC 20301-1400

*Respondent*.

## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner John Doe is an American citizen currently being unlawfully detained by the

United States military in Iraq without charge, without access to counsel, and without access to a

court.  The U.S. military has refused to disclose publicly Petitioner's name or location.

Respondent, General James N. Mattis, is the United States Secretary of Defense and Petitioner's

ultimate military custodian.  Respondent's failure to present Petitioner to a federal court or to

otherwise justify his detention violates the federal habeas corpus statute, 28 U.S.C. § 2241 *et*

*seq.*, the Non-Detention Act of 1971, 18 U.S.C. § 4001(a), and the Fourth, Fifth, and Sixth

Amendments to, and the Suspension Clause of, the United States Constitution.  It also exceeds

any detention authority granted by the Authorization for Use of Military Force, Pub. L. 107-40,

115 Stat. 224 (2001), the Authorization for Use of Military Force against Iraq Resolution of

2002, Pub. L. No. 107-243, 116 Stat. 1498 (2002), and the National Defense Authorization Act for Fiscal Year 2012, Pub. L. 112-81, 125 Stat. 1298 (2011).

Petitioner, through his next friend, the American Civil Liberties Union Foundation, petitions this Court for a writ of habeas corpus directing Respondent to: (1) provide attorneys from the ACLU Foundation with prompt access to Petitioner to inform Petitioner of his legal rights and to afford him the opportunity of legal assistance; (2) transfer Petitioner into civilian law-enforcement custody to face criminal charges or release him; (3) provide Petitioner with a meaningful opportunity to challenge his detention before a federal judge; and, (4) halt any continued interrogation of Petitioner.

## PARTIES

1.    Petitioner John Doe ("Petitioner"), a citizen of the United States, is currently being detained by the U.S. military in Iraq.  The U.S. military has detained Petitioner since on or around September 14, 2017.  The U.S. military has not disclosed publicly Petitioner's name or the place of his detention, and has not provided Petitioner with access to a court or to counsel.

2.    Respondent General James N. Mattis ("Respondent") is the United States Secretary of Defense.  As the nation's highest-ranking official in the Department of Defense, Respondent maintains custody and control over Petitioner and is therefore Petitioner's ultimate military custodian.  Secretary Mattis is sued in his official capacity.

3.    Next friend the American Civil Liberties Union Foundation ("ACLUF") employs lawyers who provide legal representation free of charge in cases involving civil liberties, and educates the public about civil liberties. The ACLUF and the American Civil Liberties Union ("ACLU"), a nationwide, non-profit, non-partisan public interest organization of more than 1.6 million members, are both dedicated to defending the civil liberties guarantees by the

—2—

Constitution.  The ACLUF has previously represented individuals detained by the United States as "enemy combatants" and sought to vindicate their individual legal and constitutional rights in the federal courts.  The ACLU has written to Respondent expressing concern about Petitioner's unlawful detention and requesting access to Petitioner to inform of him of his rights and provide legal assistance, but Respondent has failed to respond.  Because Respondent is denying Petitioner both access to counsel and the ability to challenge his executive detention himself, the ACLUF submits this Petition as next friend of Petitioner to inform Petitioner of his rights and to afford him the opportunity of legal assistance in challenging that detention.

## JURISDICTION

4.      Respondent is detaining Petitioner under or by color of the authority of the United States and in violation of the Constitution and laws of the United States.  Petitioner accordingly brings this action under 28 U.S.C § 2241 *et seq*.  Petitioner further invokes this Court's jurisdiction under the Federal Question Statute, 28 U.S.C. § 1331, the All Writs Act, 28 U.S.C. § 1651, the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and Article I, Section 9, Clause 2 of the United States Constitution ("Suspension Clause").

5.      This Court is empowered to grant a writ of habeas corpus under 28 U.S.C. § 2241 *et seq.* and the Suspension Clause, and has the authority to adjudicate this Petition filed by Petitioner's next friend under 28 U.S.C. § 2242 and the Suspension Clause.  This Court has jurisdiction over this Petition pursuant to, *inter alia*, the Supreme Court's rulings in *Boumediene v. Bush*, 553 U.S. 723 (2008), *Munaf v. Geren*, 553 U.S. 674 (2008), *Hamdi v. Rumsfeld*, 542 U.S. 507 (2004), and *Rasul v. Bush*, 542 U.S. 466 (2004).

**VENUE**

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1)(A) because

Respondent in his official capacity resides in this District, and pursuant to 28 U.S.C.

§ 1391(e)(1)(B) because a substantial part of the events or omissions giving rise to the claim

occurred in this District.

**STATEMENT OF FACTS**

7.      The Defense Department has been detaining Petitioner, a U.S. citizen, since on or

around September 14, 2017, after Syrian forces transferred him to U.S. custody. *See* Betsy

Woodruff & Spencer Ackerman, *U.S. Military: American Fighting for ISIS 'Surrenders'*, Daily

Beast (Sept. 14, 2017), www.thedailybeast.com/us-military-american-isis-fighter-reportedly-

surrenders; Ryan Browne, *US citizen fighting for ISIS captured in Syria*, CNN.com (Sept. 14,

2017), www.cnn.com/2017/09/14/politics/us-citizen-isis-captured-syria/index.html.

8.      The Defense Department is presently detaining Petitioner in Iraq.  *See* Lolita C.

Baldor, *Red Cross will soon see American IS fighter held in Iraq*, Associated Press (Sept. 28,

2017), www.apnews.com/52f60506d1a54ed0b9414ab4369e1a1a/Red-Cross-will-soon-see-

American-IS-fighter-held-in-Iraq.

9.      The Defense Department asserts it is detaining Petitioner because he allegedly

was fighting for the Islamic State of Iraq and Syria ("ISIS") in Syria.  *See* Browne, *supra*.

10.     The Defense Department has not publicly disclosed Petitioner's identity.

11.     The Defense Department has not publicly disclosed the name or location of the

facility where Petitioner is being detained.

12.     The Defense Department has labeled Petitioner an "enemy combatant." *See*

Baldor, *supra*.

13.     The Defense Department is holding Petitioner without charge, without access to a court or other meaningful opportunity to challenge his detention before a neutral decisionmaker, and without access to counsel.

14.     On September 28, a Defense Department official stated that the International Committee of the Red Cross ("ICRC") had been notified of Petitioner's detention, *see id.*, and on October 2, the ICRC confirmed that it had met with Petitioner, *see* Josh Gerstein, *Red Cross confirms visit with American captured in Syria*, Politico (Oct. 3, 2017), www.politico.com/story/2017/10/02/red-cross-american-syria-isis-243381.

15.      In accordance with the ICRC's strict policy of confidentiality, the ICRC did not provide publicly any details about Petitioner's identity, location, or conditions of detention.  *See* Gerstein, *supra*.

16.     The ICRC does not serve as or replace legal counsel.

17.     On information and belief, the Defense Department has not notified any member of Petitioner's family of his detention or provided any member of Petitioner's family with access to him.

18.     On information and belief, the Defense Department has not notified any individual or organization capable of providing legal assistance to Petitioner of Petitioner's detention or provided any such individual or organization with access to Petitioner.

19.     On September 29, the ACLU sent via facsimile a letter to Respondent Mattis and to Attorney General Jeff Sessions expressing deep concern about Petitioner's detention, and the fact that the detention violates the Constitution, federal statues, and international law.  *See* ACLU Letter to Trump Administration on Detained American Suspected of Fighting for ISIS (Sept. 29, 2017), *available at* www.aclu.org/letter/aclu-letter-trump-administration-detained-

american-suspected-fighting-isis. The ACLU urged that if the U.S. government has grounds to suspect Petitioner of fighting with ISIS, Respondent Mattis should transfer Petitioner without further delay to the United States to face charges in the federal criminal justice system in a proceeding governed by the constitutional safeguards due to all criminal defendants. The ACLU emphasized that regardless of the claimed source of detention authority, Petitioner has a constitutional right to counsel. The ACLU further informed Respondent Mattis that ACLU attorneys are available to advise Petitioner of his rights and to assist him in securing legal representation, and urged Respondent Mattis to provide that access. The ACLU has not received a response to its letter.

20.     Petitioner is being detained indefinitely without access to a lawyer, without access to any court, and without a meaningful opportunity to challenge his detention before a neutral decisionmaker.

21.     The Defense Department has not indicated whether, or for how long, it will continue Petitioner's military detention. The United States government has previously asserted, and continues to assert, legal authority to detain "enemy combatants," including U.S. citizens, indefinitely.

22.     The Defense Department has referred questions regarding Petitioner to the Department of Justice, indicating that transfer of Petitioner for prosecution in the federal civilian criminal justice system is at least one option being considered. *See* Karen DeYoung, *Pentagon: U.S. citizen fighting with ISIS has been captured in Syria*, Wash. Post (Sept. 14, 2017), www.wapo.st/2eZmSxu.

## THE LACK OF AUTHORITY TO DETAIN
## PETITIONER IN MILITARY CUSTODY

23.     The Non-Detention Act of 1971, 18 U.S.C. § 4001(a), provides, "No citizen shall

be imprisoned or otherwise detained by the United States except pursuant to an Act of

Congress."

24.     Only three sources of domestic legal authority could potentially justify

Petitioner's detention: (1) the Authorization for Use of Military Force, Pub. L. 107-40, 115 Stat.

224 (2001) ("2001 AUMF"), in conjunction with the National Defense Authorization Act for

Fiscal Year 2012, Pub. L. 112-81, 125 Stat. 1298 (2011) ("2012 NDAA") (clarifying the scope

of AUMF detention authority); (2) the Authorization for Use of Military Force against Iraq

Resolution of 2002, Pub. L. No. 107-243, 116 Stat. 1498 (2002) ("2002 AUMF"); or (3) pre-trial

detention authority exercised by a court in connection with properly filed criminal charges.

25.     The 2001 AUMF provides: "[T]he President is authorized to use all necessary and

appropriate force against those nations, organizations, or persons he determines planned,

authorized, committed, or aided the terrorist attacks that occurred on September 11, 2001, or

harbored such organizations or persons, in order to prevent any future acts of international

terrorism against the United States by such nations, organizations or persons." 2001 AUMF

§ 2(a).

26.     As the Supreme Court stated, the 2001 AUMF gives the President the power to

use force only "for the duration of the relevant conflict," and the scope and exercise of any

detention authority must conform to the Constitution and to international humanitarian law

("IHL").  *See Hamdi v. Rumsfeld*, 542 U.S. 507, 521 (2004); *accord Boumediene v. Bush*, 553

U.S. 723, 733 (2008) (discussing *Hamdi*).

27.     In the 2012 NDAA, Congress confirmed that the President's authority to use necessary and appropriate military force includes the authority to detain covered persons consistent with IHL.  *See* 2012 NDAA § 1021(a).  The 2012 NDAA defines a covered person as someone who: 1) "planned, authorized, committed, or aided the terrorist attacks that occurred on September 11, 2001, or harbored those responsible for those attacks"; or 2) was "part of or substantially supported al-Qaeda, the Taliban, or associated forces that are engaged in hostilities against the United States or its coalition partners."  *Id.* § 1021(b).  The 2001 AUMF and 2012 NDAA provide no additional detention authority.

28.     The 2001 AUMF and the 2012 NDAA authorize, at most, the military detention of individuals who participated in the September 11, 2001 attacks (or harbored the participants) or who were part of or substantially supported al-Qaeda, the Taliban, or associated forces engaged in hostilities with the United States or coalition partners.  The United States has made no public allegation that Petitioner was involved in the terrorist attacks of September 11, 2001. The United States has made no public allegation that Petitioner has directly participated in any hostilities against the United States that would fall within the ambit of the 2001 AUMF or 2012 NDAA.

29.     Neither the 2001 AUMF nor the 2012 NDAA provides a domestic legal basis to detain an individual, such as Petitioner, based on allegations that he was part of or substantially supported ISIS, a group that did not exist at the time of the 9/11 attacks, that is distinct from al-Qaeda, and that has, in fact, opposed al-Qaeda.

30.     The 2002 AUMF authorized the president to use United States armed forces to "defend the national security of the United States against the continuing threat posed by Iraq"

and to "enforce all relevant United Nations Security Council resolutions regarding Iraq." 2002 AUMF § 3(a).

31.     The 2002 AUMF is directed specifically at the former Government of Iraq, and does not cover a different armed conflict against a different enemy and different threat.

32.     Because Respondent's detention of Petitioner is not authorized under the terms of the 2001 AUMF, the 2012 NDAA, or the 2002 AUMF, the only lawful basis for U.S. government detention of Petitioner would be pre-trial detention if ordered by an Article III court pursuant to properly filed criminal charges.

## CLAIMS FOR RELIEF

### FIRST CLAIM
(*Unauthorized and Unlawful Detention*)
(*Violation of the Federal Habeas Corpus Statute, the Non-Detention Act, the Suspension Clause of the U.S. Constitution, and the Fifth and Sixth Amendments to the U.S. Constitution*)

33.     Any authority to detain a U.S. citizen must derive from the Constitution and laws of the United States.

34.     Neither the Constitution nor any other U.S. law authorizes the current military detention of Petitioner.

35.     The Non-Detention Act of 1971, 18 U.S.C. § 4001(a), expressly prohibits the detention of a U.S. citizen except pursuant to an Act of Congress.

36.     Respondent's detention of Petitioner is not authorized by any Act of Congress and is not authorized by the 2001 AUMF, the 2012 NDAA, or the 2002 AUMF, the sole possible bases for Petitioner's military detention.

37.     Therefore, the detention of Petitioner by Respondent is in violation of the Constitution and laws of the United States.

## SECOND CLAIM
*(Unlawful Detention and Denial of Right to Presentment)*
*(Violation of the Fourth Amendment to the U.S. Constitution)*

38.     The Fourth Amendment requires that individuals seized by federal officials, including but not limited to U.S. citizens seized overseas, be brought promptly before a judicial officer to establish the basis for their detention.

39.     Petitioner's detention without charge, without probable cause, and without presentment before a judicial officer violates the Fourth Amendment.

## THIRD CLAIM
*(Denial of Access to the Courts and to a Fair and Meaningful Opportunity to Contest His Detention Before a Neutral Decisionmaker)*
*(Violation of the Suspension Clause, the Fifth Amendment to the U.S. Constitution, the Federal Habeas Corpus Statute, and International Law)*

40.     The process due to any U.S. citizen ostensibly detained pursuant to the 2001 AUMF, the 2012 NDAA, and/or the 2002 AUMF must conform to the U.S. Constitution, to federal law, and to international humanitarian and human rights law by which the United States is bound.

41.     Under the Suspension Clause of the U.S. Constitution, the Due Process Clause of the Fifth Amendment to the U.S. Constitution, and the provisions of the federal habeas corpus statute set forth at 28 U.S.C. § 2241 *et seq.*, a U.S. citizen must have a meaningful opportunity to challenge his detention before a neutral decisionmaker with the assistance of counsel, even when detained by the military as an alleged "enemy combatant."

42.     Both international humanitarian law and human rights law prohibit arbitrary detention and recognize the right of all detainees to habeas corpus.

43.     Respondent's detention of Petitioner without access to any court, without access to counsel, and without a meaningful opportunity to challenge his detention before a neutral

decisionmaker violates the Suspension Clause of the U.S. Constitution, the Due Process Clause of the Fifth Amendment to the U.S. Constitution, the provisions of the federal habeas corpus statute set forth at 28 U.S.C. § 2241 *et seq.*, and international law.

## FOURTH CLAIM
*(Denial of Right to Counsel)*
*(Violation of the Federal Habeas Corpus Statute, the Suspension Clause of the U.S. Constitution, and the Fifth and Sixth Amendments to the U.S. Constitution)*

44.     The Supreme Court has held that U.S. citizens detained as enemy combatants have the right to the assistance of counsel and the right to a meaningful opportunity to challenge their detention before a neutral decisionmaker, even when allegedly captured on a foreign battlefield bearing arms against the United States or its allies.  *Hamdi*, 542 U.S. at 539.

45.     Petitioner has the constitutional right to communicate with counsel regarding his legal rights and to the assistance of counsel in challenging his detention.

46.     By detaining Petitioner in secret and without the ability to access to counsel, Respondent is violating Petitioner's right to counsel.

## FIFTH CLAIM
*(Unlawful Detention for Purposes of Interrogation)*
*(Violation of the Fifth and Sixth Amendments to the U.S. Constitution)*

47.     Upon information and belief, Petitioner was designated an enemy combatant so that the government could interrogate Petitioner while Petitioner was held *incommunicado* and Petitioner, in fact, has been and continues to be interrogated by the U.S. government.

48.     The Supreme Court has stated that detention for purposes of interrogation is prohibited.  *Hamdi*, 542 U.S. at 521.

49.     Therefore, the detention and interrogation of Petitioner is in violation of the Constitution and laws of the United States.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court:

A.      Order Respondent forthwith to permit counsel for next friend the American Civil Liberties Union Foundation to meet and confer with Petitioner in private and unmonitored attorney-client conversations, in person or via videoconferencing, in order for counsel to advise Petitioner of his legal rights and to provide him with legal assistance.

B.      Order Respondent to make a prompt return to the writ in accordance with 28 U.S.C. § 2243 and the Suspension Clause of the U.S. Constitution.

C.      Order Respondent to cease all interrogations of Petitioner while this litigation is pending.

D.      Order Respondent to provide notice to the Court and to counsel for next friend American Civil Liberties Union Foundation prior to any transfer of Petitioner, including, but not limited to, transfer to another U.S.-controlled facility or U.S. jurisdiction, or transfer to the custody of another nation.

E.      Order Respondents to specify, in the case of any transfer of Petitioner, the receiving facility, jurisdiction, authority, or country.

F.      Declare that the indefinite detention of Petitioner in military custody is unauthorized, arbitrary, and unlawful, and a deprivation of liberty in violation of the Constitution and laws of the United States.

G.      Order Respondent to charge Petitioner with a federal criminal offense in an Article III court or release him.

H.      Grant such other relief as the Court deems necessary and appropriate.


Dated: October 5, 2017                          Respectfully submitted,


                                                */s/ Hina Shamsi* _____

                                                Hina Shamsi (D.C. Bar No. MI0071)
                                                Jonathan Hafetz (*application for admission
                                                    pending*)
                                                American Civil Liberties Union Foundation
                                                125 Broad Street—18th Floor
                                                New York, New York 10004
                                                Phone: 212-549-2500
                                                Fax: 212-549-2654
                                                hshamsi@aclu.org
                                                jhafetz@aclu.org


                                                Arthur B. Spitzer (D.C. Bar No. 235960)
                                                American Civil Liberties Union
                                                  of the District of Columbia
                                                4301 Connecticut Avenue, N.W., Suite 434
                                                Washington, DC 20008
                                                Tel: 202-457-0800
                                                Fax: 202-457-0805
                                                aspitzer@acludc.org

                                                *Counsel for Petitioners*

VERIFICATION

COUNTY OF NEW YORK   )
                                                )  ss.
STATE OF NEW YORK      )

I,  HINA SHAMSI, ESQ., counsel for next friend American Civil Liberties Union
Foundation to Petitioner John Doe, and an attorney in good standing of the State of New
York, hereby affirm under penalty of perjury that, to be the best of counsel's knowledge,
the facts set forth in this Petition are true and correct.

_____
Hina Shamsi

Affirmed to me this
4th day of October, 2017

_____
NOTARY PUBLIC

RACHEL ELIZABETH GOODMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GO6275331
Qualified In Kings County
My Commission Expires 01-28-2021

—14—