IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, <br> and the AMERICAN CIVIL LIBERTIES <br> UNION FOUNDATION, as Next Friend, <br><br> Petitioners, <br><br> v. <br><br> GEN. JAMES N. MATTIS, <br> in his official capacity as SECRETARY <br> OF DEFENSE, <br><br> Respondent. | Civil Action No. 1:17-cv-2069 (TSC) |

**DECLARATION OF STEVEN W. DALBEY**

I, Steven W. Dalbey, declare as follows:

1. I am the Director for the Office of Detainee Policy in the U.S. Department of Defense ("DoD"). I have worked in the Office of Detainee Policy since October 2007. I am responsible for developing policy recommendations and coordinating policy guidance relating to individuals captured or detained by DoD. In this capacity I am also responsible for conducting regular meetings and communicating with officials from the International Committee of the Red Cross (ICRC). My office is the primary point of contact for DoD policies related to the ICRC. My office receives and reviews all ICRC reports regarding detainees in DoD custody.

2. I am familiar with the subject matter and procedural posture of the above-captioned proceeding. I understand that the American Civil Liberties Union Foundation seeks habeas relief on behalf of a detainee currently in U.S. military custody in Iraq. The statements made below are based on my personal knowledge and information made available to me in the performance of

my official duties.

3. On or around September 12, 2017, an American citizen surrendered to Syrian Democratic Forces, who subsequently turned him over to United States forces. U.S. forces have identified the individual as an enemy combatant and are detaining him at a location in Iraq. This location is within an armed conflict zone with restricted civilian access based on military operational concerns, security concerns, and political sensitivities of the host nation

4. Consistent with the Department of Defense's practice of providing the ICRC access to detained individuals, ICRC representatives were granted access to the detainee on September 29, 2017 and again on October 23, 2017. ICRC access to detained individuals is not a regularly scheduled event but generally takes place upon ICRC request, absent a need to restrict access due to military necessity. During the course of a visit, detainees are offered the opportunity to send a Red Cross message to a family member(s) and/or request that the ICRC communicate with their family. The detained individual makes the personal choice whether or not the ICRC will notify their next-of-kin. The Department of Defense is not involved in this process. Under long-standing practice, communications between the ICRC and the government regarding any ICRC observations and findings as to that detainee are conducted on a confidential basis in order to enable the ICRC to ensure its continued access and thus conduct its missions effectively. Accordingly, neither the U.S. government nor the ICRC will publicly disclose the details of any meetings with detainees or subsequent conversations with the U.S. government about those meetings. In the case of this detainee, the ICRC has confirmed that the initial ICRC visit occurred but, in accordance with the confidential approach taken on these matters, has not commented publicly on the individual's identity, location, or conditions of detention.

5. This individual is currently being detained pending appropriate and expeditious consideration of various disposition options by the United States government, consistent with U.S. and international law. Consistent with the Geneva Conventions' prohibition on exposing detainees to public curiosity, the Department of Defense does not release details regarding the identities of detained individuals who are still undergoing these disposition assessments.

6. The detention location does not have an unclassified video-teleconference capability. As a known security risk, there is no capability to provide this detainee with an unclassified system for a video-teleconference in a private setting to discuss legal matters.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on 30 October 2017
Washington, D.C.