# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, as Next Friend, on behalf of Unnamed U.S. Citizen in U.S. Military Detention,<br><br>*Petitioner*,<br><br>v.<br><br>GEN. JAMES N. MATTIS,<br>  in his official capacity as SECRETARY OF DEFENSE,<br><br>*Respondent*. | No. 17-cv-2069 (TSC) |

## MOTION FOR HEARING OR STATUS CONFERENCE

Petitioner and next friend the American Civil Liberties Union Foundation ("ACLUF") hereby respectfully requests that the Court schedule a hearing on the pending motions or, in the alternative, a status conference, at the Court's earliest available opportunity.[1]

On October 5, 2017, the ACLUF, as next friend, filed a Petition for Writ of Habeas Corpus (ECF No. 4) on behalf of the still unnamed U.S. citizen in U.S. military detention in Iraq. On October 12, the ACLUF filed an Emergency Motion for Order to Show Cause on Counsel Access (ECF No. 7) ("Emergency Motion for Counsel Access"). The motion requested that the Court direct Respondent James N. Mattis ("Respondent") to show cause why Respondent should not provide ACLUF attorneys with immediate and unmonitored access to the U.S. citizen to advise him of his legal rights and to afford him the opportunity of legal representation.

On October 19, the Court issued an Order (ECF No. 8) requiring Respondent to explain, in writing, why Respondent should not give ACLUF attorneys access to the U.S. citizen to

---

[1] The government has informed counsel for the ACLUF that Respondent will oppose this motion, as the motion does not appear to Respondent to seek appropriate relief.

advise him of his legal rights and afford him the opportunity of legal representation. On October 30, Respondent moved to dismiss the habeas petition for lack of standing and because counsel access to the U.S. citizen was not warranted. Respondent's Motion to Dismiss and Response to the Court's Order of Oct. 19, 2017 (ECF No. 11). On November 2, the ACLUF submitted a consolidated Opposition to Respondent's Motion to Dismiss and Reply in Support of its Emergency Motion for Counsel Access (ECF No. 13) ("ACLUF Opp. and Reply"). On November 9, Respondent submitted a Reply in Support of the Motion to Dismiss (ECF No. 15) ("Respondent's Reply").

Briefing on the ACLUF and Respondent's motions is complete. The United States has now been detaining an American citizen for more than two months without charge, without access to a court, and without counsel. Respondent, moreover, does not dispute that: 1) the U.S. government has refused to release publicly the U.S. citizen's name; 2) the government has conducted law enforcement interrogations of the U.S. citizen and provided him with *Miranda* warnings; and 3) the U.S. citizen has demanded a lawyer, but has not been provided access to one.[2] "[T]he writ of habeas corpus is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired." *Bowen v. Johnston*, 306 U.S. 19, 26 (1939).

---

[2] The government notably does not deny the statements by unnamed U.S. officials reported in the *New York Times* and *Washington Post* that the detained U.S. citizen has invoked his constitutional right to remain silent under *Miranda*, nor does it deny the further statements by unnamed U.S. officials reported in the *Washington Post* that the citizen has repeatedly demanded a lawyer. Emergency Motion for Counsel Access 9; ACLUF Opp. and Reply 1–2. Instead, the government argues that, assuming the Court could rely on these statements, they do not prove the U.S. citizen expressed a desire for a lawyer specifically "to pursue habeas relief." Respondent's Reply 2–3. The government's argument reinforces the need for the relief requested in the ACLUF's emergency motion. First, the Court may consider newspaper articles in determining the jurisdictional question of standing, especially where, as here, they constitute "the most reliable available evidence" of the U.S. citizen's wishes since even the most basic facts surrounding the citizen's detention—including his name—remain shrouded in secrecy. *Hamdi v. Rumsfeld*, 542 U.S. 507, 533–34 (2004); *see, e.g.*, *Barhoumi v. Obama*, 609 F.3d 416, 427–28 (D.C. Cir. 2010) (hearsay evidence "always admissible" in enemy combatant habeas actions).

The ACLUF, accordingly, respectfully requests that the Court schedule a hearing on the pending motions or, in the alternative, a status conference, at the Court's earliest available opportunity.

Dated: November 20, 2017                           Respectfully submitted,

                                                   /s/ Hina Shamsi_____

                                                   Hina Shamsi (D.C. Bar No. MI0071)
                                                   Jonathan Hafetz (admitted *pro bono*)
                                                      (pursuant to LCvR 83.2)
                                                   Dror Ladin
                                                   Brett Max Kaufman
                                                   American Civil Liberties Union Foundation
                                                   125 Broad Street—18th Floor
                                                   New York, New York 10004
                                                   Tel: 212-549-2500
                                                   Fax: 212-549-2654
                                                   hshamsi@aclu.org
                                                   jhafetz@aclu.org
                                                   dladin@aclu.org
                                                   bkaufman@aclu.org

                                                   Arthur B. Spitzer (D.C. Bar No. 235960)
                                                   American Civil Liberties Union
                                                     of the District of Columbia
                                                   4301 Connecticut Avenue, N.W., Suite 434
                                                   Washington, DC 20008
                                                   Tel: 202-457-0800
                                                   Fax: 202-457-0805
                                                   aspitzer@acludc.org

                                                   *Counsel for Petitioner*

---

Second, even if the Court is inclined to find the evidence insufficient to grant the ACLUF's motion to provide ACLUF attorneys with access to the citizen to advise him of his rights and offer him the opportunity of legal representation, it should, at minimum, allow limited jurisdictional discovery to resolve any uncertainty over the citizen's wishes.  *See* ACLUF Opp. and Reply 21–23; *Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28, 67–69 (D.D.C. 2004) (granting jurisdictional discovery to determine if a U.S. citizen detained by Saudi authorities was, in fact, in U.S. custody, and relying, *inter alia*, on newspaper accounts).