IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, <br> and the AMERICAN CIVIL LIBERTIES <br> UNION FOUNDATION, as Next Friend, <br><br> Petitioners, <br><br> v. <br><br> GEN. JAMES N. MATTIS, <br>   in his official capacity as SECRETARY <br>   OF DEFENSE, <br><br> Respondent. | Civil Action No. 1:17-cv-2069 (TSC) |

**RESPONDENT'S SUPPLEMENTAL BRIEF**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

    I.    PETITIONER'S NOVEMBER 30, 2017 FILING DOES NOT SEEK JURISDICTIONAL DISCOVERY BUT INSTEAD SEEKS RELIEF THAT THIS COURT CANNOT GRANT ABSENT SUBJECT MATTER JURISDICTION ................................................................................................ 3

    II.    EVEN IF CONSTRUED AS JURISDICTIONAL DISCOVERY, PETITIONER'S PROPOSAL IS BASED ON SPECULATION AND SHOULD BE REJECTED ................................................................................................... 4

    III.    THE GOVERNMENT HAS COMPLIED WITH ITS OBLIGATIONS UNDER *MIRANDA* AND THIS COURT HAS NO AUTHORITY TO APPOINT COUNSEL ....................................................................................................... 8

CONCLUSION ....................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28 (D.D.C. 2004) ................................................................ 5

*Al-Aulaqi v. Obama*, 727 F. Supp. 2d 1 (D.D.C. 2010) ......................................................... 5, 6, 8

*Al-Odah v. United States*, 346 F. Supp. 2d 1 (D.D.C. 2004) ........................................................ 4

*Boumediene v. Bush*, 553 U.S. 723 (2008) .................................................................................... 8

*Clapper v. Amnesty Int'l, USA*, 133 S. Ct. 1138 (2013) ................................................................ 7

*Clinton v. Goldsmith*, 526 U.S. 529 (1999) ......................................................................... 3, 4, 10

*Coal. of Clergy, Lawyers, & Professors v. Bush*,
     310 F.3d 1153 (9th Cir. 2002) ................................................................................................ 8

*Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316 (D.C. Cir. 2009) ......................... 7

*Does 1-570 v. Bush*, No. Civ A 05-313,
     2006 WL 3096685 (D.D.C. Oct. 31, 2006) ..................................................................... 5, 6, 8

*Duckworth v. Eagan*, 492 U.S. 195 (1989) ................................................................................... 9

*Edwards v. Arizona*, 451 U.S. 477, 485-86 (1981) ....................................................................... 9

*FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087 (D.C. Cir. 2008) ....................................... 5

*Fenstermaker v. Obama*, 354 F. App'x 452 (2d Cir. 2009) ...................................................... 5, 8

*Harris v. Nelson*, 394 U.S. 286 (1969) ......................................................................................... 4

*Idris v. Obama*, 667 F. Supp. 2d 25 (D.D.C. 2009) ...................................................................... 6

*In re Terrorist Bombings of U.S. Embassies in E. Africa,* 552 F.3d 177 (2d Cir. 2008) ............... 9

*Livnat v. Palestinian Auth.*, 851 F.3d 45, 57 (D.C. Cir. 2017) ..................................................... 7

*Miranda v. Arizona*, 384 U.S. 436 (1966) ................................................................................. 8, 9

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ........................................................ 3

*United States v. Clarke*, 611 F. Supp. 2d 12 (D.D.C. 2009) ...................................................... 10

*United States v. Denedo*, 556 U.S. 904 (2009) .............................................................................. 3

**Statutes**

All Writs Act, 28 U.S.C. § 1651 ..................................................................................... 3, 4, 10

# **INTRODUCTION**

Pursuant to the Court's Amended Minute Order of December 1, 2017, Respondent respectfully submits this supplemental brief to address the issues identified in the Order. As discussed below, the Court lacks authority to adopt Petitioner's proposal of November 30, 2017. Petitioner's proposal seeks to compel Respondent to act as Petitioner's agent in communicating with a detainee on whose behalf Petitioner asserts next friend standing, despite having no relationship with the detainee whatsoever. That is not jurisdictional discovery but is essentially the same relief that Petitioner requested in its emergency motion for counsel access. Absent a prerequisite showing by Petitioner that it satisfies next friend standing requirements—a showing Petitioner cannot make because it concedes it has no relationship to the detainee and does not know his wishes—the Court lacks authority to order such relief. Moreover, even if Petitioner's proposal were somehow construed as seeking jurisdictional discovery, Petitioner is not entitled to such discovery based on mere speculation that the detainee wishes to seek habeas relief, nor could such discovery cure Petitioner's lack of standing as of the time it filed its petition.

This case does not present extraordinary circumstances warranting departure from long-standing jurisdictional principles. This action has arisen while the detainee is still in a temporary situation—recognized as legitimate by the Supreme Court—in U.S. military custody in a foreign theater of active war, while the Government expeditiously determines whether he will remain in military custody elsewhere or be prosecuted, transferred to another country with an interest in the detainee, or released. Even so, the detainee is not being held incommunicado during this period. Moreover, the Government is in compliance with its legal obligations. Consistent with the Geneva Conventions' prohibition on exposing detainees to public curiosity, the Government has not released the detainee's identity. The Government has allowed International Committee of the

Red Cross access to the detainee; has provided *Miranda* warnings before questioning the detainee for law enforcement purposes; and has complied with *Miranda* by ceasing such questioning when the detainee requested to have counsel present. Because such questioning has now ceased, the Government has no obligation to facilitate the provision of counsel at this time. Nor does this Court have the authority to appoint counsel in these circumstances or otherwise exercise supervisory authority over the wartime detention at issue in this case, absent a legitimate jurisdictional basis. The Court should dismiss this action for lack of subject matter jurisdiction.

## ARGUMENT

I.  **PETITIONER'S NOVEMBER 30, 2017 FILING DOES NOT SEEK JURISDICTIONAL DISCOVERY BUT INSTEAD SEEKS RELIEF THAT THIS COURT CANNOT GRANT ABSENT SUBJECT MATTER JURISDICTION**

Petitioner's November 30, 2017 filing proposes that the Court either grant Petitioner access to the detainee "to provide him legal advice and afford him the opportunity of legal representation," or "make . . . additional inquiries" of the detainee to "resolve any remaining uncertainty" regarding his desire to pursue a habeas petition in this Court. The Court's Amended Minute Order refers to Petitioner's latter proposal as a request for jurisdictional discovery. However, Petitioner does not ask to serve discovery requests on Respondent. Rather, Petitioner essentially proposes that the Court enlist Respondent as Petitioner's agent in communicating with a detainee with whom Petitioner has no relationship whatsoever.

Under Petitioner's proposal, Respondent would be compelled to confer with the detainee regarding whether he wishes to pursue a habeas action, notify him of Petitioner's attempt to pursue habeas relief on his behalf, and offer him Petitioner's legal representation. This is a far cry from anything resembling discovery. Indeed, Petitioner's proposal would require Respondent to *convey* information to the detainee about Petitioner. *E.g.*, Pet'r Response [ECF 19] at 2

2

(requiring Respondent to tell the detainee that "An American not-for-profit legal organization called the [ACLUF] has already filed a petition in a U.S. court on your behalf, challenging the legality of your detention," and is offering representation "free of charge").

Significantly, Petitioner's proposal is virtually identical—other than with respect to who actually communicates Petitioner's message to the detainee—to the relief requested in its emergency motion for counsel access. *Cf.* ECF 7. The problem with Petitioner's proposal, however couched, is that it would circumvent Petitioner's obligation to establish next friend standing, and thus this Court's jurisdiction, in the first instance. Absent Petitioner's standing, this Court lacks jurisdiction to order Respondent to grant Petitioner access to the detainee—whether that access is through direct communication with the detainee or communication by Respondent on Petitioner's behalf. *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause. . . . [and] the only function remaining to the court is that of announcing the fact and dismissing the cause.'").

Petitioner has argued that the All Writs Act, 28 U.S.C. § 1651, confers the authority to issue its proposed relief. However, the All Writs Act does not confer subject matter jurisdiction; rather, it allows a court to issue writs "necessary or appropriate in aid of" its existing jurisdiction. 28 U.S.C. § 1651(a); *see Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999) ("[T]he express terms of the Act confine" a court's power to issuing writs "'in aid of' its existing statutory jurisdiction; the Act does not enlarge that jurisdiction."); *accord United States v. Denedo*, 556 U.S. 904, 911–14 (2009). Nor does the Act give a court *carte blanche* to oversee all matters related to a subject area concerning some issue before it. *Goldsmith*, 526 U.S. at 536–37.

The Supreme Court in *Goldsmith* rejected a military court's order under the Act that set aside the military's administrative action imposing a sanction that a court-martial had declined to

impose when sentencing the individual. Although the military court had appellate jurisdiction over the sentence, the Court noted that it was not "given authority, by the All Writs Act or otherwise, to oversee all matters arguably related to military justice, or to act as a plenary administrator even of criminal judgments it has affirmed." *Id.* at 536. And in *al Odah v. United States*, 62 F. Supp. 3d 101 (D.D.C. 2014), Judge Kollar-Kotelly concluded that the court lacked jurisdiction under the Act to compel the Government to establish procedures to ensure his immediate release upon cessation of active military hostilities in Afghanistan because the petitioner's claim for immediate release at an unknown future time was unripe. *Id.* at 110–11 ("In the absence of some other basis for jurisdiction, Petitioner is not entitled to the relief sought under the All Writs Act"). This Court similarly should recognize that, in the absence of the Court's jurisdiction, Petitioner is not entitled to relief that effectively would have the Court exercise supervisory authority over a wartime detention, by compelling Respondent to provide Petitioner with direct access to the detainee or to act as Petitioner's agent, at a stage where the Government is still assessing, as expeditiously as possible, the detainee's disposition.

II.     **EVEN IF CONSTRUED AS JURISDICTIONAL DISCOVERY, PETITIONER'S PROPOSAL IS BASED ON SPECULATION AND SHOULD BE REJECTED**

Even if Petitioner's proposal is somehow construed as jurisdictional discovery, it should be rejected. As an initial matter, habeas petitioners are not entitled to jurisdictional discovery; rather, the broad discovery provisions of the Federal Rules of Civil Procedure do not apply as of right in habeas cases. *See Harris v. Nelson*, 394 U.S. 286, 295 (1969). In any event, Petitioner's proposal is improper because, first, it is based solely on speculation (particularly where Respondent's November 30, 2017 filing confirms that the detainee's request for counsel related only to his questioning by the FBI for law enforcement purposes, not to a habeas action), and second, it cannot establish that Petitioner satisfied the requirements for next friend standing at

4

the time it filed its petition. "[A] request for jurisdictional discovery cannot be based on mere conjecture or speculation." *See FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1093–94 (D.C. Cir. 2008). Indeed, in *Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28 (D.D.C. 2004), Judge Bates emphasized that the request for jurisdictional discovery in that case was *not* based on mere speculation; instead, Judge Bates characterized the evidence that an individual imprisoned in Saudi Arabia was in the constructive custody of the United States as "considerable." *Id.* at 67.

Here, on the other hand, Petitioner merely speculates that the detainee wishes to pursue habeas relief in a United States court and that he wishes to retain Petitioner as his counsel in doing so. Petitioner apparently recognizes, as decisions in other cases have repeatedly confirmed, that it *cannot* know the detainee's wishes regarding the pursuit of habeas relief without having conferred with him. *Al-Aulaqi v. Obama*, 727 F. Supp. 2d 1, 20 (D.D.C. 2010) (Judge Bates recognizing that "a purported 'next friend' may not simply speculate as to the best interests of the party on whose behalf he seeks to litigate" and rejecting next friend standing for the father of a U.S. citizen because the father "has presented no evidence that his son wants to vindicate his U.S. constitutional rights through the U.S. judicial system"); *Fenstermaker v. Obama*, 354 F. App'x 452, 455–56 (2d Cir. 2009) (lawyer's prior experience litigating detainee cases and asserted dedication to detainees' cause was "insufficient to show dedication to the particularized interests of the detainees involved in this case" where the lawyer had never met with or spoken to the detainees on whose behalf he wished to act as next friend); *Does 1-570 v. Bush*, No. Civ A 05-313, 2006 WL 3096685, at *5 (D.D.C. Oct. 31, 2006) (Judge Kollar-Kotelly rejecting next friend standing for Center for Constitutional Rights counsel because "Counsel makes unsubstantiated assumptions regarding the connection between detainees' imprisonment itself and particular detainees' desire to contest their imprisonment before United States courts via

5

[these] Counsel"); *see also Idris v. Obama*, 667 F. Supp. 2d 25, 29 (D.D.C. 2009) (Judge Lamberth rejecting the Center for Constitutional Rights' argument in the alternative that it could pursue habeas relief for a detainee by representing the detainee's brother, concluding that "because [the detainee's brother] has never met with [the detainee] since his confinement, counsel cannot be certain that [the brother] represents [the detainee]'s best interests").

Because this detainee's best interests cannot simply be assumed from the fact of his detention, Petitioner has no evidence at all to support jurisdictional discovery. In prior briefing, Petitioner pointed to newspaper reports that the detainee had requested a lawyer as evidence of the detainee's wishes. *Cf.* Pet'r Opp. [ECF 13] at 6. However, Respondent's November 30, 2017 filing makes clear that the detainee's prior request for counsel was only in connection with the FBI's questioning him for law enforcement purposes. *See* Resp. Response [ECF 18], at 1-2.

A request for counsel in that context cannot reasonably support any inference relevant to habeas proceedings. Rather, the reasoning of other courts when refusing to assume the desire to pursue habeas relief continues to apply. As Judge Kollar-Kotelly explained in *Does 1-570*, a detainee who has been fighting against the United States on a foreign battlefield "may mistrust the United States judicial system and choose to avoid participating in such proceedings altogether." *Does 1-570*, 2006 WL 3096685, at *6. Judge Bates described Anwar Al-Aulaqi, a United States citizen who had publicly endorsed acts of violence against the West and viewed American laws and government structures as illegitimate, as unlikely to "want to sue to vindicate his U.S. constitutional rights in U.S. courts." *Al-Aulaqi*, 727 F. Supp. 2d at 21. While it is unknown whether the detainee here shares those views, it is certainly a possibility, given that the detainee came into U.S. military custody after surrendering in an area of active hostilities. The detainee's stated desire not to be questioned for law enforcement purposes without a lawyer does

6

nothing to reduce that possibility. Indeed, the desire to stop such questioning has no bearing at all on whether this detainee wishes to avail himself of the U.S. judicial system for the purpose of seeking habeas relief. Nor does the fact that the detainee expressed the desire to have counsel present during questioning for law enforcement purposes qualify as evidence that the detainee wishes to retain Petitioner as his counsel in a habeas case. The record therefore is devoid of any evidence whatsoever to support Petitioner's request for jurisdictional discovery. Instead, Petitioner's request is based on pure speculation. As such, Petitioner's request should be denied.

Petitioner's request also should be denied because jurisdictional discovery could not uncover facts that "'would affect [the] jurisdictional analysis,'" or change the conclusion here that Petitioner lacks next friend standing. *Livnat v. Palestinian Auth.*, 851 F.3d 45, 57 (D.C. Cir. 2017). Petitioner must clearly establish its next friend standing as of October 5, 2017, when it filed its habeas petition. *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 324 (D.C. Cir. 2009) ("standing is assessed as of the time a suit commences"). In contrast, Petitioner's approach, seeking to compel Respondent to confer with the real party in interest on Petitioner's behalf, would allow any third party to file a next friend habeas suit on behalf of a stranger, then compel the respondent to find out, on the third party's behalf, whether the real party in interest wants the third party's assistance. The Supreme Court has disapproved of transferring a plaintiff's burden to the defendant, even when the defendant is in sole possession of information that might confirm the plaintiff's speculation. *See Clapper v. Amnesty Int'l, USA*, 133 S. Ct. 1138, 1149 n.4 (2013) (rejecting notion that Government should disclose information to resolve plaintiffs' standing because it was the plaintiffs' burden to establish standing, "not the Government's burden to disprove standing by revealing details of its surveillance priorities").

Moreover, nothing can change the fact that, as of October 5, 2017, Petitioner lacked any

relationship with the detainee. *See Al-Aulaqi*, 727 F. Supp. 2d at 16 (citing "significant relationship" requirement). As explained previously, granting next friend standing to a stranger would be unprecedented, and the circumstances here do not warrant such a deviation from established next friend principles. The detainee is not being held incommunicado. While the Court has referenced Petitioner's experience as counsel for other detainees, other courts have squarely rejected the significance of such experience in the next friend analysis. *Fenstermaker*, 354 F. App'x at 455–56 (lawyer's prior experience was not a substitute for knowing detainee's actual wishes); *Does 1-570*, 2006 WL 3096685, at *7 (rejecting petitioner's attempt to distinguish *Coal. of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1162 (9th Cir. 2002), as addressing "an ad-hoc, self-appointed group" rather than experienced counsel).

In addition, the Government does not intend the detainee's current circumstance to continue indefinitely; instead, it is diligently working to make a determination regarding this detainee's future status. The Supreme Court has recognized that this process takes a reasonable period of time, and that courts should not entertain, during this period, even a properly filed habeas petition, even for a detainee held in a facility not in an active theater of war but in an area over which the United States exercises "de facto" sovereignty (as the Court described it).[1] *Boumediene v. Bush*, 553 U.S. 723, 755, 795 (2008). Petitioner's request thus should be denied.

### III.   THE GOVERNMENT HAS COMPLIED WITH ITS OBLIGATIONS UNDER *MIRANDA* AND THIS COURT HAS NO AUTHORITY TO APPOINT COUNSEL

As indicated in Respondent's November 30, 2017 filing [ECF 18], the detainee has been questioned by FBI special agents for law enforcement purposes and, during that questioning, was advised of his right to remain silent as well as his right to consult counsel prior to questioning, to

---

[1] The U.S. military has identified the detainee as an enemy combatant, but that conclusion is subject to further evaluation during the Government's decisionmaking process.

have counsel present during questioning, and to have counsel appointed for him before questioning if he could not afford a lawyer. The detainee indicated that he felt he should have an attorney present during the questioning, but when he was informed that it was unknown when he would be able to have an attorney, he stated that it was ok and that he was a patient man. Since that time, no further questioning of the detainee for law enforcement purposes has taken place.

The information provided by Respondent shows that the Government has complied with its obligations under *Miranda v. Arizona*, 384 U.S. 436, 439 (1966). The rationale underlying *Miranda* is that "statements made under [certain custodial] circumstances are inadmissible unless the suspect is specifically warned of his *Miranda* rights and freely decides to forgo those rights." *Duckworth v. Eagan*, 492 U.S. 195, 202 (1989) (internal quotation omitted). Thus, "[t]he Fifth Amendment right identified in *Miranda* is the right to have counsel present at any custodial interrogation." *Edwards v. Arizona*, 451 U.S. 477, 485–86 (1981).

At the same time, "*Miranda* does not require that attorneys be producible on call." *Duckworth*, 492 U.S. at 204. Rather, "[i]f the police cannot provide appointed counsel, *Miranda* requires only that the police not question a suspect unless he waives his right to counsel." *Id.*; *accord Edwards*, 451 U.S. at 485–86 (indicating that, "[a]bsent [any continuing law enforcement] interrogation," the lack of counsel does not violate an individual's Fifth Amendment rights); *In re Terrorist Bombings of U.S. Embassies in E. Africa,* 552 F.3d 177, 208 (2d Cir. 2008) (even assuming *Miranda* applied to interrogations in foreign countries, "*Miranda* does not require the provision of legal services. It requires only that, until legal services are either provided or waived, no interrogation take place."). The Government has no "heightened duty" to provide counsel when conducting law enforcement interrogations in other countries, even though "the exigencies of local conditions" and other "practical obstacles" may hinder an

individual's ability to obtain a lawyer on his own. *United States v. Clarke*, 611 F. Supp. 2d 12, 30 (D.D.C. 2009) (internal quotation omitted) (collecting cases). Here, the Government ceased questioning the detainee for law enforcement purposes when the detainee invoked his right to have counsel present during questioning. That is all that *Miranda* requires.

Moreover, this Court lacks the authority to appoint counsel for the detainee in response to his request to the FBI special agents during law enforcement questioning. Even apart from the Court's lack of subject matter jurisdiction over this habeas action due to Petitioner's lack of next friend standing, further questioning of the detainee for law enforcement purposes is not anticipated while he remains in temporary wartime detention at his current location, where security protocols also make it impracticable to question him with an attorney present. It is thus unnecessary, and at best premature, to appoint counsel for the detainee at this time in connection with purely hypothetical future questioning. Indeed, if, for example, the detainee were brought to the United States for criminal prosecution, any further questioning might take place in circumstances where the detainee would be able to access counsel on his own, and it might also take place in another district, where a different federal court would more properly have jurisdiction. Again, the All Writs Act does not authorize this Court to appoint counsel in connection with matters over which the Court lacks subject matter jurisdiction. *Goldsmith*, 526 U.S. at 536. Indeed, even if the Court had subject matter jurisdiction over Petitioner's habeas action, that would not allow the Court to oversee all matters relating to the detainee. *Id.* at 536–37 (recognizing that the All Writs Act does not authorize a court to oversee all matters relating to the subject area of issues before it). The Court thus should not appoint counsel for the detainee.

December 4, 2017                                              Respectfully submitted,

                                                                    CHAD A. READLER
                                                                    Principal Deputy Assistant Attorney General

JESSIE K. LIU
United States Attorney
TERRY M. HENRY
Assistant Director, Federal Programs Branch

/s/ Kathryn L. Wyer
KATHRYN L. WYER
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC   20530
Tel.   (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Respondent*