**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOHN DOE,

                        *Petitioner*,

            v.                                                    No. 17-cv-2069 (TSC)

GEN. JAMES N. MATTIS,
    in his official capacity as SECRETARY OF
    DEFENSE,

                        *Respondent*.

**PETITIONER'S RESPONSE TO COURT'S ORDER OF DECEMBER 23, 2017,**
**AND MOTION REGARDING CONTINUED INTERIM RELIEF**

The American Civil Liberties Union Foundation ("ACLUF"), formerly

proceeding as Petitioner and Next Friend, hereby informs the Court that pursuant to the

Court's Order of December 23, 2017, ECF No. 30, counsel for the ACLUF

communicated with John Doe, the U.S. citizen detainee in this action, via

videoconference on January 3, 2018, and John Doe informed counsel for the ACLUF

that: (1) he wishes to continue this habeas corpus action; and (2) he wishes for the

ACLUF to represent him in this action.

Petitioner John Doe[1] ("Petitioner"), by undersigned counsel, hereby respectfully

requests that the Court order Respondent to file a Return to the Petition for a Writ of

Habeas Corpus, ECF No. 4, by January 10, 2018.  *See* 28 U.S.C. § 2243 (return to habeas

---

[1] The caption above has been changed to reflect the fact that the Petitioner is now John Doe and not the ACLUF.  The proposed order filed herewith includes a paragraph directing the Clerk to change the docket accordingly.

petition "shall" be made "within three days unless for good cause additional time, not exceeding twenty days, is allowed"); *see also, e.g.*, *Fay v. Noia*, 372 U.S. 391, 401–02 (1963) ("[habeas's] function [is] to provide a prompt and efficacious remedy" for unlawful detention).

Petitioner further requests that the Court continue the interim relief provided in the Court's Order of December 23, 2017, ECF No. 30, by directing Respondent to refrain from transferring Petitioner until the Court issues a final judgment on his habeas petition.[2]   Petitioner seeks to exercise his right to "a meaningful opportunity to demonstrate" that his detention is unlawful.  *Boumediene v. Bush*, 553 U.S. 723, 779 (2008); *accord Peyton v. Rowe*, 391 U.S. 54, 58 (1968) (habeas writ "assures . . . that a prisoner may require his jailer to justify the detention under the law").  Respondent should not be permitted to deny Petitioner that fundamental right by forcibly transferring him beyond the reach of this Court.  *See Ex parte Endo*, 323 U.S. 283, 307 (1944) (court may act to ensure that a prisoner's habeas rights are not "impaired or defeated by the removal of the prisoner from the . . .  jurisdiction of the District Court").  The Court has authority to continue this interim relief under the federal habeas corpus statute, 28 U.S.C. § 2241 *et seq.*, and the habeas corpus Suspension Clause, U.S. Const. art. I, § 9, cl. 2.[3]

Courts have historically exercised their power to control the custody of the prisoner during the pendency of habeas cases.  *See, e.g.*, *In re Kaine*, 55 U.S. (14 How.) 103, 133–34 (1853) (Nelson, J., concurring in part and dissenting in part) (court has the

---

[2] The government has informed counsel for Petitioner that it will oppose this request. The government has also informed counsel for Petitioner that it will seek to extend the proposed return date.
[3] In addition, the Court has power under the All Writs Act, 28 U.S.C. § 1651(a), to issue orders preserving the status quo and protecting its jurisdiction over Petitioner's challenge to his unlawful detention.

power to control the custody of the prisoner while habeas proceedings are pending "and

the safe keeping of the prisoner is entirely under the authority and direction of the court"

during that period (citations omitted)).  This authority dates back at least to the celebrated

English Habeas Corpus Act of 1679, and was an essential part of courts' ability to

provide habeas relief at the time of the Framing.  *See* 1 William Blackstone,

*Commentaries* \*133 (extolling the act as a "second *magna carta*"); Helen A. Nutting, *The*

*Most Wholesome Law—The Habeas Corpus Act of 1679*, 65 Am. Hist. Rev. 527, 534

(1960) (Habeas Corpus Act of 1679 responded to charges that the Crown's prisoners

were being transferred "so that writs from Westminster could not reach them").

Accordingly, U.S. courts exercising habeas corpus jurisdiction have consistently

recognized their power not just to decide the lawfulness of a citizen's detention, but also

to take steps to ensure that the respondent does not evade the court's jurisdiction by

removing a prisoner from it.  *See, e.g., United States v. Davis*, 25 F. Cas. 775 (C.C.D.C.

1840) (Case No. 14,926) (holding custodian in contempt for removing alleged slaves

from the District of Columbia to avoid writ for their freedom and then refusing to

produce them when ordered to do so); *In re Hamilton*, 11 F. Cas. 319, 319 (S.D.N.Y.

1867) (Case No. 5,976) (discussing commitment of officer for contempt of the writ by

transferring petitioner from Philadelphia to New York).[4]

---

[4] The Court's authority to issue a time-limited order restricting the transfer of the
Petitioner in aid of its habeas jurisdiction is not undermined by cases rejecting transfer
injunctions that violated the "rule of non-inquiry."  *See Omar v. McHugh*, 646 F.3d 13,
19 (D.C. Cir. 2011) ("[A]pplying what has been known as the rule of non-inquiry, courts
historically have refused to inquire into conditions an extradited individual might face in
the receiving country.").  Petitioner's motion seeks to continue to prevent the United
States from pretermitting this habeas action while the Court considers the lawfulness of
his detention; it makes no claims requiring the Court to examine conditions in any
receiving country.  *Cf. id.* at 18–19 (detainee seeking "judicial review of conditions in the

This Court has already exercised its authority to issue a limited restriction against the government's transfer of Petitioner to preserve the status quo during this habeas proceeding.  Order of December 23, 2017, ECF No. 30.  Petitioner respectfully requests that the Court continue that restriction for the pendency of this action so that Petitioner can secure the meaningful review of his detention guaranteed by the Constitution and laws of the United States.

Dated: January 5, 2018                     Respectfully submitted,


                                           /s/ Jonathan Hafetz
Arthur B. Spitzer (D.C. Bar No. 235960)    Jonathan Hafetz (D.C. Bar No.
American Civil Liberties Union                NY0251)
  of the District of Columbia              Hina Shamsi (D.C. Bar No. MI0071)
915 15th Street, NW—2nd Floor              Brett Max Kaufman (D.C. Bar No.
Washington, DC 20005                          NY0224)
Tel: 202-457-0800                          Dror Ladin
Fax: 202-457-0805                          American Civil Liberties Union
aspitzer@acludc.org                           Foundation
                                           125 Broad Street—18th Floor
                                           New York, New York 10004
                                           Tel: 212-549-2500
                                           Fax: 212-549-2654
                                           jhafetz@aclu.org
                                           hshamsi@aclu.org
                                           bkaufman@aclu.org
                                           dladin@aclu.org

*Counsel for Petitioner*

---

receiving country" prior to transfer); *Kiyemba v. Obama*, 561 F.3d 509, 516 (D.C. Cir. 2009) (same for non-citizen Guantánamo detainees seeking to bar transfer based on fear of torture and/or further detention in a receiving country).

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

           *Petitioner*,

        v.

GEN. JAMES N. MATTIS,
  in his official capacity as SECRETARY OF
  DEFENSE,

           *Respondent*.

No. 17-cv-2069 (TSC)

### *[PROPOSED]* ORDER

Upon consideration of Petitioner's Response to the Court's Order of December 23, 2017, and Motion Regarding Continued Interim Relief, it is hereby:

**ORDERED** that the Clerk of Court shall change the docket to reflect that the Petitioner is now John Doe and not the American Civil Liberties Union Foundation.  It is further

**ORDERED** that pursuant to 28 U.S.C. § 2243, Respondent shall file by January 10, 2018, a Return to the Petition for a Writ of Habeas Corpus.  And it is

**FURTHER ORDERED** that Respondent shall refrain from transferring Petitioner until the Court issues a final judgment on his habeas corpus petition.

**SO ORDERED.**

_____
Tanya S. Chutkan
United States District Judge

DATED:  January ___, 2018