**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| JOHN DOE,<br><br>              *Petitioner*,<br><br>              v.<br><br>GEN. JAMES N. MATTIS,<br>  in his official capacity as SECRETARY OF DEFENSE,<br><br>              *Respondent*. | No. 17-cv-2069 (TSC) |

**PETITIONER'S MOTION TO UNSEAL
(1) RESPONDENT'S JANUARY 19, 2018 FILING, SUBJECT TO ADDITIONAL
REDACTIONS TO PROTECT PETITIONER'S PRIVACY AND SECURITY, AND
(2) PETITIONER'S JANUARY 22, 2018 RESPONSE**

Petitioner respectfully moves for the prompt unsealing of two documents filed under seal in this matter (together, the "Sealed Filings"): first, the government's January 19, 2018 sealed filing (subject to additional redactions to protect Petitioner's privacy and security interests), ECF No. 45; and second, Petitioner's January 22, 2018 sealed filing responding to the government's sealed filing, ECF No. 47. There is significant public interest in the Sealed Filings (and more broadly in this proceeding concerning the prolonged detention without charge of a U.S. citizen), and no justification for their continued sealing, subject to additional redactions to address his privacy and security concerns. *See* Order (Jan. 12, 2018), ECF No. 38 (granting motion for leave to proceed under pseudonym and ordering both parties to accompany any filing sealed to prevent public disclosure of "either John Doe's true identity or distinguishing characteristics" with "a redacted public filing made simultaneously or promptly thereafter").

Apart from the identifying information concerning Petitioner required to be filed under seal by this Court's January 12 order, the government's January 19 filing cannot satisfy the standards for sealing under relevant case law concerning the public's right of access to judicial documents.[1] In particular, beyond references to Petitioner's name, the purportedly classified information in the government's sealed filing is already redacted in the document. Likewise, while Petitioner made his January 22 filing under seal solely because it specifically addresses some of the contents of the government's sealed filing, Petitioner's filing does not contain any information that is classified or otherwise cannot appear on the public docket.

For the reasons that follow, Petitioner respectfully requests that the Court unseal the Sealed Filings, with additional redactions made to the government's January 19 filing to protect Petitioner's personal privacy. Counsel for the government has informed Petitioner that it will oppose this motion.

\* \* \*

Because judicial transparency is essential to our democratic system of government, both the First Amendment and the common law presumptively protect the public's right of access to court proceedings and records. *See, e.g.*, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564– 73, 580 n.17 (1980); *Wash. Post v. Robinson*, 935 F.2d 282, 287–88 (D.C. Cir. 1991); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Although these rights are not absolute, they firmly prohibit judicial secrecy imposed "without sufficient justification." *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 296 (2d Cir. 2012). As the D.C. Circuit recently reiterated, "there is a 'strong presumption in favor of public access to judicial

---

[1] The Court's supervisory power over its own records also permits it to unseal the documents at issue here. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004).

proceedings,'" as such access "'is fundamental to a democratic state.'" *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *United States v. Hubbard*, 650 F.2d 293, 317, 315 n.79 (D.C. Cir. 1980)).

It is well settled that both the First Amendment and common law rights of access generally apply to the proceedings and records of habeas cases. *See In re Guantanamo Bay Detainee Litig.*, 630 F. Supp. 2d 1, 8–13 (D.D.C. 2009) (holding that the First Amendment and common law rights of access applied to unclassified factual returns in habeas actions arising from military detention of noncitizens at Guantánamo Bay, Cuba); *see also, e.g.*, *Osband v. Ayers*, No. CIV S-97-0152, 2007 WL 3096113, at *1–3 (E.D. Cal. Oct. 22, 2007) (constitutional right); *Ramirez v. Attorney Gen. of the State of N.Y.*, No. 99 Civ. 1909, 1999 WL 1059966, at *1 (S.D.N.Y. Nov. 22, 1999) (same); *Gabrion v. United States*, No. 15-CV-447, 2015 WL 2354745, at *1 (W.D. Mich. May 15, 2015) (common law right); *Ashworth v. Bagley*, 351 F. Supp. 2d 786, 792 (S.D. Ohio 2005) (same); *see also Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983) (constitutional access right extends to proceedings "which pertain to the release or incarceration of prisoners and the conditions of their confinement").[2]

Where the First Amendment right of access attaches to judicial documents, strict scrutiny applies to any restriction of that right. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606–07 & n.17 (1982); *accord Richmond Newspapers*, 448 U.S. at 581. To overcome such scrutiny, the party seeking to restrict access must support its sealing motion with "compelling

---

[2] The D.C. Circuit's decision in *Dhiab v. Trump*, 852 F.3d 1087 (D.C. Cir. 2017), is not to the contrary. There, the D.C. Circuit addressed only whether there existed "a right under the First Amendment to receive *properly classified national security information filed in court* during the pendency of [a petitioner's] petition for a writ of habeas corpus." *Id.* at 1096 (emphasis added). Here, Petitioner does not seek the unsealing of any information that the government has deemed classified; purportedly classified information is already redacted in the government's January 19 sealed filing and would remain redacted after the unsealing of the document.

reasons," and the court "must articulate specific findings on the record demonstrating that the decision to seal . . . is narrowly tailored and essential to preserve a compelling government interest." *Robinson*, 935 F.2d at 289 & n.10; *see also Press-Enter. Co. v. Superior Court* (*Press-Enter. II*), 478 U.S. 1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion . . . ."). The government must show a "substantial probability" of harm backed up by evidence allowing for "specific, on the record findings" supporting the likelihood of harm. *Press-Enter. II*, 478 U.S. at 13–14. Conclusory assertions are not sufficient to abridge the First Amendment public access right, *id.* at 15, and speculation does not carry the government's burden, *Globe Newspaper Co.*, 457 U.S. at 609–610.

Similarly, the common law affords the public a presumptive right to access judicial records and documents so long as the public's interest in accessing the documents is not outweighed by countervailing concerns. *See Metlife*, 865 F.3d at 665. "A seal may be maintained only 'if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires.'" *Id.* at 665–66 (quoting *In re Nat'l Broad. Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981)). In so balancing, the Court must begin with a "strong presumption in favor of public access. *Hubbard*, 650 F.2d at 317; *see id.* at 317–22 (explaining balancing test).[3]

In the face of the clear public interest broadly in this proceeding and specifically in the Sealed Filings, the government has not attempted to, and cannot, meet either of these right-of-access standards. The sealed filings were made in response to the Court's inquiry about the

---

[3] Because the First Amendment right plainly applies and is more protective than the common law, this Court need not separately consider the common law right. *United States v. Erie Cnty.*, 763 F.3d 235, 241 (2d Cir. 2014).

government's theory as to why the federal courts are powerless to enjoin any transfer of a U.S. citizen to a foreign sovereign while the citizen's habeas petition is pending. The question of whether the executive branch may pretermit an American citizen's habeas proceeding through transfer is of unquestionable public interest. *See* Charlie Savage, Eric Schmitt & Adam Goldman, *Officials Weigh Sending American Detainee to Saudi Arabia*, N.Y. Times, Dec. 20, 2017, https://nyti.ms/2De9Yqh (attached as Ex. A to ECF No. 27). Because this motion is being filed on the Court's public docket, Petitioner will not here address the specific contents of the Sealed Filings. But the government has not demonstrated a substantial probability of harm to a compelling government interest that would flow from public access to the Sealed Filings with reference to non-conclusory evidence of such harm, as required by the First Amendment. Nor do the government's limited assertions concerning such harm establish that any harm from public disclosure of the Sealed Filings would outweigh the strong presumption in favor of public access, as required by the common law.[4]

## CONCLUSION

For the reasons given above, the motion should be granted. A proposed order is filed herewith.

---

[4] In the Guantánamo context, the D.C. Circuit has repeatedly held that the government lacks unilateral authority to seal nonclassified information. *See Ameziana v. Obama*, 699 F.3d 488, 494–95 (D.C. Cir. 2012) (discussing *Bismullah v. Gates*, 501 F.3d 178, 187–88 (D.C. Cir. 2007), and *Parhat v. Gates*, 532 F.3d 834, 853 (D.C. Cir. 2008)).

Dated: January 22, 2018                                       Respectfully submitted,

                                                                                        /s/ *Jonathan Hafetz*

| | |
|---|---|
| Arthur B. Spitzer (D.C. Bar No. 235960) | Jonathan Hafetz (D.C. Bar No. NY0251) |
| American Civil Liberties Union | Hina Shamsi (D.C. Bar No. MI0071) |
|   of the District of Columbia | Dror Ladin (*pro hac vice*) |
| 915 15th Street, NW, 2nd Floor | Brett Max Kaufman (D.C. Bar No. NY0224) |
| Washington, DC 20005 | American Civil Liberties Union Foundation |
| Tel: 202-457-0800 | 125 Broad Street—18th Floor |
| Fax: 202-457-0805 | New York, New York 10004 |
| aspitzer@acludc.org | Tel: 212-549-2500 |
| | Fax: 212-549-2654 |
| | jhafetz@aclu.org |
| | hshamsi@aclu.org |
| | dladin@aclu.org |
| | bkaufman@aclu.org |

*Counsel for Petitioner*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>   *Petitioner*,<br><br>   v.<br><br>GEN. JAMES N. MATTIS,<br> in his official capacity as SECRETARY OF DEFENSE,<br><br>   *Respondent*. | No. 17-cv-2069 (TSC) |

## [PROPOSED] ORDER GRANTING PETITIONER'S MOTION TO UNSEAL (1) RESPONDENT'S JANUARY 19, 2018 FILING, SUBJECT TO ADDITIONAL REDACTIONS TO PROTECT PETITIONER'S PRIVACY AND SECURITY, AND (2) PETITIONER'S JANUARY 22, 2018 RESPONSE

Upon consideration of Petitioner's motion to unseal ECF No. 45, subject to additional redactions to protect Petitioner's privacy and security interests, and ECF No. 47, it is hereby:

ORDERED that the motion is GRANTED. Respondent is directed to promptly file on the public docket its January 19, 2018 sealed filing (ECF No. 45) with all identifying references to Petitioner redacted, and Petitioner is directed to promptly file on the public docket its January 22, 2018 sealed filing (ECF No. 47).

Dated: January ___, 2018

                                    _____
                                   Tanya S. Chutkan
                                   United States District Judge