IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN DOE,<br><br>Petitioner,<br><br>v.<br><br>GEN. JAMES N. MATTIS, in his official capacity as SECRETARY OF DEFENSE,<br><br>Respondent. | ) | Civil Action No. 1:17-cv-2069 (TSC) |

**MOTION FOR LEAVE TO FILE RESPONSE TO PETITIONER'S RESPONSE TO FACTUAL RETURN**

Respondent respectfully requests an opportunity to file a written response to Petitioner's Response to Respondent's Factual Return ("Response") [ECF 59]. The Court has inherent authority to permit additional briefing, and a written response by Respondent is warranted here. In particular, because Respondent bears the burden to establish the legal justification for Petitioner's detention, and Petitioner had not set forth detailed written arguments on those issues prior to the Response; and in light of the importance and potentially far-ranging implications of Petitioner's arguments, should they be accepted by the Court, Respondent should be granted leave to address Petitioner's arguments in a written response. The basis for this motion is set forth in further detail below:

The American Civil Liberties Union Foundation ("ACLUF") initiated this proceeding on October 5, 2017, filing a petition for habeas corpus as the would-be next friend of an unidentified individual detained by the U.S. military in Iraq. Pet'n [ECF 1]. In its Petition, ACLUF asserted that the Government lacked legal authority to detain Petitioner in ten paragraphs spanning less

than two and a half pages. *Id.* ¶¶ 23-32. On January 12, 2018, after ACLUF was granted access to Petitioner and reported to the Court that it had been retained as Petitioner's counsel, the Court ordered that Respondent file a return by Monday, January 22, 2018, at noon. Order of Jan. 12, 2018 [ECF 41]. The Court ordered that Petitioner file a response by January 24, 2018, at noon. *Id.*

Respondent filed its Factual Return on January 22, 2018, addressing both the legal justification and the factual justification for Petitioner's detention. [ECF 46.] At a hearing held that afternoon, Petitioner's counsel indicated that Petitioner wished to respond first only with respect to the legal justification. The parties also indicated that they planned to confer regarding a briefing schedule, and the Court granted Petitioner's request that his January 24, 2018 deadline be vacated. The parties then submitted a joint proposed briefing schedule, reflecting Petitioner's proposal, to which Respondent agreed, that Petitioner would have until February 9, 2018—nearly three weeks after Respondent filed the Factual Return—to file a response to the Return, and that Petitioner's response would challenge only the legal justification for Petitioner's detention. [ECF 53.] Petitioner did not agree to set a deadline for Respondent to respond, but the parties agreed that the proposed schedule was without prejudice to Respondent's seeking leave, if necessary, to file a response to Petitioner's filing. *See id.* The Court adopted the proposed briefing schedule by Order of January 29, 2018, noting the parties' agreement on that point. [ECF 54.]

Petitioner filed his response to the Return on February 9, 2018, as scheduled, and Respondent now requests such leave to file a response. Petitioner's filing contains forty pages of argument on the issue of the Government's legal authority under the 2001 and 2002

Authorizations for the Use of Military Force ("AUMFs") and Article II to conduct military operations against the Islamic State, or ISIL, and to detain individuals who are part of ISIL. Petitioner's arguments are set forth in far greater detail in its filing than they were in the ten paragraphs included in ACLUF's petition. Respondent therefore seeks an opportunity to respond directly, in writing, to the points raised in Petitioner's filing, in order to address Petitioner's arguments and aid the Court in its consideration of what the Court has previously referred to as "that bramble" or "thicket" of issues, regarding the Government's legal authority under the AUMFs.

Such an opportunity is particularly justified in light of the importance of the legal issues raised in this matter, not to mention the potential far-ranging implications of Petitioner's argument that the AUMFs do not authorize the use of force against ISIL insofar as it may involve the detention of a United States citizen captured on the battlefield overseas. Indeed, Petitioner directly challenges the Government's authority to engage in military operations against ISIL under the AUMFs. Moreover, Respondent bears the burden to justify the legality of Petitioner's detention and therefore should be accorded the last word in adversarial filings on the issue. Respondent therefore seeks to provide further written argument to address the numerous assertions contained in Petitioner's response before the Court considers its ruling on such weighty issues.

Accordingly, Respondent respectfully requests that it be granted leave to file a response to Petitioner's response to the Factual Return. In light of the number and significance of the issues raised, and the fact that Petitioner had almost three weeks to prepare his response, Respondent requests that it be granted an equivalent amount of time, that is, until end of day

February 28, 2018, to file its response to Petitioner's filing. Counsel for Respondent has conferred regarding this motion with counsel for Petitioner, who indicates that Petitioner would agree to Respondent's proposed filing, but only if Respondent agreed to limit its response to fifteen pages, file it within ten days, and would agree to a second filing on these issues by Petitioner. These conditions are unreasonable under the circumstances. First, there is no good reason to impose a fifteen-page page limit on Respondent's ability to address the issues raised in Petitioner's forty-page brief. The local rules do not impose page limits for briefing in this context, but even reply briefs in support of motions are not required to be under twenty-five pages. Respondent should be allowed to provide a thorough response to Petitioner's filing.

Second, Petitioner's attempt to limit Respondent to ten days for its response is unreasonable when Respondent agreed to allow Petitioner nearly three weeks from the date of the Factual Return to prepare its filing, and when ACLUF in effect had nearly three and a half months to prepare such a brief, addressing only legal issues that did not require any specific knowledge of Petitioner, the circumstances of his provision of support to ISIL, or his capture, since it originally filed its Petition last October. Respondent prepared its Factual Return, addressing both legal and factual issues, in less than ten days, as required by the Court, but now requests that it be granted until February 28 for its filing so that it has sufficient time to prepare a thorough response to Petitioner's brief.

Third, as mentioned above, Respondent should be granted the final opportunity to address the issues raised because the burden to establish the Government's legal authority to detain Petitioner belongs to Respondent.

Respondent therefore requests that it be permitted to file a response on or before February

28, 2018, without the conditions proposed by Petitioner.

February 12, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
JESSIE K. LIU
United States Attorney
TERRY M. HENRY
Assistant Director, Federal Programs Branch

/s/
*Kathryn L. Wyer*
JAMES M. BURNHAM
Senior Counsel
KATHRYN L. WYER
Senior Trial Counsel, Federal Programs
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W
Washington, DC 20530
Tel. (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>Petitioner,<br><br>v.<br><br>GEN. JAMES N. MATTIS, in his official capacity as SECRETARY OF DEFENSE,<br><br>Respondent. | Civil Action No. 1:17-cv-2069 (TSC) |

**[proposed] ORDER**

Upon consideration of Respondent's Motion for Leave to File Response to Petitioner's Response to Factual Return, Petitioner's opposition thereto, and the entire record herein, Respondent's motion is hereby GRANTED. Accordingly, it is ORDERED that Respondent shall file a response to Petitioner's filing (ECF No. 59) on or before February 28, 2018.

SO ORDERED.

Dated: ___________

______________________________
The Honorable Tanya S. Chutkan
United States District Judge