UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    *Petitioner*,<br><br>    v.<br><br>GEN. JAMES N. MATTIS,<br> in his official capacity as SECRETARY OF DEFENSE,<br><br>    *Respondent*. | No. 17-cv-2069 (TSC) |

**PETITIONER'S RESPONSE TO RESPONDENT'S MOTION FOR LEAVE TO FILE RESPONSE TO PETITIONER'S RESPONSE TO FACTUAL RETURN**

  Petitioner respectfully submits this short response to Respondent's motion for leave, filed earlier today, *see* ECF No. 60. To be clear, Petitioner does not object to Respondent's filing of a brief sur-reply within an expeditious time frame, but respectfully requests the opportunity to provide an equally brief response to that additional filing.

  First, Respondent's request for leave to file an additional brief in response to Petitioner's traverse is highly unusual in a habeas case. *See, e.g.*, *Walker v. Johnston*, 312 U.S. 275, 284 (1941) (explaining that "the petition and traverse" should be "treated . . . as together constituting the application for the writ, and the return to the rule as setting up the facts thought to warrant its denial"). Respondent himself recognizes that he requests "additional" briefing beyond what is typically allowed. *See* Mot. 1. And as Respondent is plainly aware, in habeas litigation in this Court concerning detainees held at Guantánamo Bay, Cuba, the ordinary procedures require the government respondent to file a return to a habeas petition that addresses both factual and legal

claims of detention authority—all in the knowledge that the petitioner would file a traverse addressing both types of claims in reply. *See, e.g.*, Baher Azmy, *Executive Detention, Boumediene, and the New Common Law of Habeas*, 95 Iowa L. Rev. 445, 517 (2010) ("Under the habeas statute, after the petitioner files a non-frivolous habeas petition, the Government must file a return or answer to the writ, setting forth the 'cause for commitment'—i.e. the legal and factual basis for the Executive's asserted authority to detain. . . . Thereafter, according to the habeas statute and procedures the district court adopted in the Guantanamo habeas cases, the petitioners are entitled to file a traverse, or rebuttal, to the Government's return. As part of that traverse, a petitioner can contend that, even assuming the truth of the Government's allegations, there is no legal authority to detain—akin to a judgment on the pleadings." (footnotes omitted)).

Second, Respondent acknowledges that he has already filed a return in this case "addressing both the legal justification and the factual justification for Petitioner's detention." Mot. 2. Thus, Respondent's position that Petitioner's Response, *see* ECF No. 59 (Feb. 9, 2018), sets forth legal arguments in "far greater detail" than in Petitioner's habeas petition, Mot. 3, is beside the point. The very purpose of a traverse (or, in other civil litigation, a reply brief) is to further explain a factual or legal position. Respondent has had an opportunity to defend his detention of Petitioner in what amounted to a motion for summary judgment, and he laid out that argument over a fifty-four-page return. *See* ECF No. 46 (Jan. 22, 2018) (filed under seal). To date, the sequence of filings concerning Petitioner's habeas petition in this case has been entirely ordinary.

Finally, while Respondent states that he had "less than ten days" to file his return, Mot. 4, Respondent has been detaining Petitioner for nearly five months, during which time he has

already determined that Petitioner may be lawfully held indefinitely by the military under the Constitution and federal law. Moreover, Respondent's lack of legal authority to detain Petitioner was squarely challenged in the Petition filed on October 5, 2017. *See* Petition 7–9, ECF No. 1. Respondent may desire to further brief these issues, but his position that Petitioner's legal arguments have taken him by surprise is not credible.

For all these reasons, when Respondent sought Petitioner's consent to an additional filing, Petitioner explained that the request was unusual, asked Respondent to agree that any response would be brief and expeditious, and sought Respondent's agreement to a similarly brief and expeditious responsive filing by Petitioner. Respondent now seeks to file a brief with no page limit restrictions, on February 28. It is unreasonable and unfair for Respondent to have another extended opportunity to brief arguments it should at most supplement, not brief at unlimited length, and Petitioner respectfully asks the Court to limit briefing to 15 pages by each party. Respondent's proposed timeline means that any expeditious response Petitioner seeks to file would be due around the same time (March 9) as Petitioner's appellate brief in response to Respondent's appeal of this Court's ruling granting notice of any transfer, ECF No. 52 (Jan. 23, 2018), so if the Court sets February 28 as the date for Respondent's filing, Petitioner must reluctantly ask for a few days additional time to file his response—until March 14. Petitioner would prefer the following schedule: Respondent's brief due February 23; Petitioner's brief due March 6.

## CONCLUSION

For the reasons given above, Petitioner does not object to Respondent's proposed additional briefing, but respectfully requests that the Court (1) order Respondent to limit his sur-reply to 15 pages, to be filed by the end of the day on February 23, and (2) permit Petitioner to

file a similar response of up to 15 pages by the end of the day on March 6. If the Court sets February 28 as the date for Respondent's filing, Petitioner respectfully requests that the Court permit Petitioner to file a response by the end of the day on March 14.

Dated:  February 12, 2018                    Respectfully submitted,

/s/ *Arthur B. Spitzer*                       /s/ *Jonathan Hafetz*
Arthur B. Spitzer (D.C. Bar No. 235960)       Jonathan Hafetz (D.C. Bar No. NY0251)
American Civil Liberties Union                Brett Max Kaufman (D.C. Bar No. NY0224)
  of the District of Columbia                 Hina Shamsi (D.C. Bar No. MI0071)
915 15th Street, NW, 2nd Floor                Dror Ladin (*pro hac vice*)
Washington, DC 20005                          Anna Diakun
Tel: 202-457-0800                             American Civil Liberties Union Foundation
Fax: 202-457-0805                             125 Broad Street—18th Floor
aspitzer@acludc.org                           New York, New York 10004
                                              Tel: 212-549-2500
                                              Fax: 212-549-2654
                                              jhafetz@aclu.org
                                              bkaufman@aclu.org
                                              hshamsi@aclu.org
                                              dladin@aclu.org
                                              adiakun@aclu.org

*Counsel for Petitioner*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>      *Petitioner*,<br><br>v.<br><br>GEN. JAMES N. MATTIS,<br>  in his official capacity as SECRETARY OF DEFENSE,<br><br>      *Respondent*. | No. 17-cv-2069 (TSC) |

[Proposed]
**ORDER**

Upon consideration of Respondent's Motion for Leave to File Response to Petitioner's Response to Factual Return (ECF No. 60), Petitioner's response thereto, and the entire record herein, Respondent's motion is hereby GRANTED IN PART and DENIED IN PART, and Petitioner's request to file a reply to any response filed by Respondent is also GRANTED. Accordingly, it is

ORDERED that Respondent may file a response of not more than 15 pages to Petitioner's filing (ECF No. 59) on or before February 23, 2018, and Petitioner may file a reply of not more than 15 pages on or before March 6, 2018.

Dated: February ___, 2018

                                                  _____
                                                  Tanya S. Chutkan
                                                  United States District Judge