IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:17-cv-2069 (TSC) |
| ) | |
| GEN. JAMES N. MATTIS, ) | |
| in his official capacity as SECRETARY ) | |
| OF DEFENSE, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S NOTICE OF FILING PUBLIC VERSION OF EX PARTE FILING**

NOTICE is hereby given that attached is a redacted version, suitable for public filing, of Respondent's January 19, 2018, ex parte filing in this matter. (*See* ECF No. 44.)

February 14, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
JESSIE K. LIU
United States Attorney
TERRY M. HENRY
Assistant Director, Federal Programs Branch

/s/ Kathryn L. Wyer
JAMES M. BURNHAM
Senior Counsel
KATHRYN L. WYER
Senior Trial Counsel, Federal Programs
OLIVIA HUSSEY SCOTT
Trial Attorney, Federal Programs
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC   20530
Tel. (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:17-cv-2069 (TSC) |
| | ) | |
| GEN. JAMES N. MATTIS, in his official capacity as SECRETARY OF DEFENSE, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

# ECF 44

# REDACTED VERSION FOR PUBLIC FILING

SECRET//NOFORN

Declaration of ▮▮▮▮

I, ▮▮▮▮ pursuant to 28 U.S.C. § 1746, hereby declare and say as follows:

1. I have been ▮▮▮▮ at the U.S. Department of State since ▮▮▮▮ In my capacity as Deputy Assistant Secretary, I am responsible for coordinating U.S. foreign policy for the ▮▮▮▮

▮▮▮▮

2. The Department of State is currently engaged in diplomatic discussions with the ▮▮▮▮ regarding the situation of ▮▮▮▮ a dual United States and Saudi Arabian citizen, who is currently in Department of Defense custody. In particular, ▮▮▮▮

▮▮▮▮

Consistent with Section 2242(a) of the Foreign Affairs Reform and Restructuring Act of 1998, regardless of whether a person is physically present in the United States, it is U.S. government policy not to effect the involuntary transfer of a person to a country where the U.S. has

SECRET//NOFORN

determined that it is more likely than not that the person would be tortured. Any transfer of ▮▮▮▮ would be undertaken consistent with this policy.

3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As of writing, we understand the case is still pending with ▮▮▮▮ for decision. Pending a final decision, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The Department of State is currently working with the Department of Defense to facilitate such communications.

4. A preliminary injunction prohibiting ▮▮▮▮ transfer would hinder the Department's ability to engage constructively with ▮▮▮▮ on this matter. Our discussions with ▮▮▮▮ would necessarily be contingent upon the outcome of uncertain future litigation to vacate the transfer injunction and would have to occur without clarity about whether or not it will be possible to implement the transfer arrangements once they are concluded. Furthermore, ▮▮▮▮ is awaiting a final United States decision on the possibility of transfer. Based on our prior experience with ▮▮▮▮ regarding previous detainee transfers, we assess that once arrangements have been concluded, ▮▮▮▮ is likely to have a strong expectation of prompt implementation. Any delay on the part of the United States is likely to raise concerns regarding our credibility, and harms the diplomatic process. The Department of State must have the ability to make reliable representations and commitments when engaging directly with ▮▮▮▮ on a matter of such sensitivity. A preliminary injunction on ▮▮▮▮ transfer could also damage ongoing bilateral cooperation with ▮▮▮▮ including on future detainee transfers. ▮▮▮▮ has maintained an interest ▮▮▮▮ in this and other cases, which has been a significant benefit to the United States in combatting terrorism.

SECRET//NOFORN

5. Because this declaration discloses aspects of sensitive diplomatic communications with ███ as well as internal U.S. Government deliberations, it is being submitted ex parte. Disclosure of such matters outside the U.S. Government would be inappropriate and could undermine the U.S. Government's diplomatic engagement with ███ and the U.S. Government's ability to reach acceptable detainee transfer arrangements with this and other countries. I know from experience that the type of dialogue required in this context can only occur in a confidential setting, that is, within government to government channels. Even in circumstances in which the content of diplomatic discussions is made public by non-governmental actors, it is important that the United States honor its commitment to keep these discussions confidential in order to avoid the harms discussed above.

I declare under the penalty of perjury that the foregoing is true and correct

Executed on January 19, 2018

