UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    *Petitioner*,<br><br>  v.<br><br>GEN. JAMES N. MATTIS,<br> in his official capacity as SECRETARY OF DEFENSE,<br><br>    *Respondent*. | No. 17-cv-2069 (TSC) |

**PETITIONER'S NOTICE OF FILING PUBLIC VERSION OF
PREVIOUSLY SEALED FILING (ECF NO. 47)**

NOTICE is hereby given that attached is a public version of Petitioner's Response to Respondent's *Ex Parte* Declaration, previously filed under seal as ECF No. 47. Respondent has filed a public version of the *Ex Parte* Declaration, ECF No. 64, and Petitioner's Response is not required to be maintained under seal.

Dated: February 15, 2018

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
 of the District of Columbia
915 15th Street, NW, 2nd Floor
Washington, DC 20005
Tel: 202-457-0800
Fax: 202-457-0805
aspitzer@acludc.org

Respectfully submitted,

 /s/ *Hina Shamsi*_____
Hina Shamsi (D.C. Bar No. MI0071)
Jonathan Hafetz (D.C. Bar No. NY0251)
Brett Max Kaufman (D.C. Bar No. NY0224)
Dror Ladin (*pro hac vice*)
Anna Diakun
American Civil Liberties Union Foundation
125 Broad Street—18th Floor
New York, New York 10004
Tel: 212-549-2500
Fax: 212-549-2654
hshamsi@aclu.org

                                                jhafetz@aclu.org
                                                bkaufman@aclu.org
                                                dladin@aclu.org
                                                adiakun@aclu.org

*Counsel for Petitioner*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, *Petitioner*, v. GEN. JAMES N. MATTIS, in his official capacity as SECRETARY OF DEFENSE, *Respondent*. | No. 17-cv-2069 (TSC) ~~FILED UNDER SEAL~~ |

**PETITIONER'S RESPONSE TO RESPONDENT'S *EX PARTE* DECLARATION FILED UNDER SEAL**

Petitioner respectfully submits this response to Respondent's *Ex Parte* Declaration, *see* ECF No. 44 ("Notice of *Ex Parte* Filing"), a redacted version of which (the "Sealed Declaration") has been provided to Petitioner's counsel as ECF No. 45. For the reasons set forth below, as well as those stated previously, the Sealed Declaration provides no basis for denying Petitioner's motion, ECF No. 32, to enjoin his transfer pending this Court's resolution of his habeas petition.[1]

A U.S. citizen's right not to be lawlessly rendered to a foreign government should not be affected by whether the government desires to credibly claim to the foreign sovereign that it can dispatch its own citizens without any judicial review or impediment.

---

[1] Because this Response discusses the contents of Respondent's sealed filing, Petitioner has filed this document under seal. It is Petitioner's position, however, that apart from references to Petitioner's name, Respondent's sealed filing does not contain any information meriting continued sealing—and therefore neither does this document. Petitioner will file a separate motion requesting the prompt unsealing of both filings.

The government asserts that "[a]ny delay on the part of the United States" in transferring Petitioner to the redacted foreign government "is likely to raise concerns regarding [its] credibility" and to "harm[] the diplomatic process." Sealed Decl. ¶ 4; *see also id.* ("The Department of State must have the ability to make reliable representations and commitments when engaging directly with [REDACTED] on a matter of such sensitivity."). In other words, the government claims that the judicial branch may not delay in any way an executive branch decision to render a U.S. citizen to a foreign sovereign. This sweeping assertion of executive prerogative runs directly contrary to the bedrock principle that the executive cannot "detain or transfer Americans . . . at will, without any judicial review of the positive legal authority for the detention or transfer." *Omar v. McHugh*, 646 F.3d 13, 24 (D.C. Cir. 2011). This principle applies with no less force when the government claims unreviewable authority over its citizens in wartime or in the context of foreign relations: "Whatever power the United States Constitution envisions for the Executive in its exchanges with other nations . . . in times of conflict, it most assuredly envisions a role for all three branches when individual liberties are at stake." *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004).

Critically, none of the government's assertions addresses the fundamental deficiency in its position. The government has still failed to provide the Court with any *legal* basis on which to transfer Petitioner to another country and thereby deprive this Court of its habeas jurisdiction over his challenge to his detention and request for release.

The Supreme Court has made clear that:

> the Constitution creates no executive prerogative to dispose of the liberty of the individual. . . . There is no executive discretion to surrender him to a foreign government, unless that discretion is granted by law. It necessarily follows that as the legal authority does not exist save as it is given by act of Congress or by the

terms of a treaty, it is not enough that the statute or treaty does not deny the power to surrender. It must be found that statute or treaty confers the power.

*Valentine v. United States ex rel. Neidecker*, 299 U.S. 5, 9 (1936); *see Factor v. Laubenheimer*, 290 U.S. 276, 287 (1933) ("[T]he legal right to demand [a person's] extradition and the correlative duty to surrender him to the demanding country exist only when created by treaty.").

The Sealed Declaration, accordingly, provides no support for the government's position. Petitioner has not been charged with a crime in any country, and there has not been any formal request by another sovereign for the United States to extradite him. If such circumstances arise, the Court can reexamine the issue and determine, in the exercise of its habeas jurisdiction, whether there is positive legal authority granted by statute or treaty to transfer Petitioner to another sovereign that has formally requested it. *Valentine*, 299 U.S. at 9. But on the present record, Petitioner's transfer would be entirely lawless and a direct violation of the constitutional guarantees of habeas corpus and due process. *See* Petitioner's Response to Court's Order of December 23, 2017, and Motion Regarding Continued Interim Relief 2–3 (Jan. 5, 2018), ECF No. 31; Petitioner's Reply 1–3 (Jan. 10, 2018), ECF No. 34.

The Sealed Declaration also provides no support for the government's claim that it can transfer Petitioner as "a wartime detainee." Respondent's Response to Petitioner's Response to Court's Order of December 23, 2017, at 7 (Jan. 8, 2018), ECF No. 33. Whether Petitioner is properly detained as an "enemy combatant" is the very question presented by his habeas action—an action Respondent wrongly maintains it can unilaterally terminate *not* by releasing Petitioner from unlawful custody, but by forcibly

handing him over to the custody of another sovereign. Petitioner's Reply 2–3, ECF No. 34.

Moreover, the Sealed Declaration acknowledges that any transfer to a foreign sovereign would be "involuntary," Sealed Decl. ¶ 2, underscoring the government's misplaced reliance on *Munaf v. Geren*, 553 U.S. 674 (2008). *Munaf* involved two American citizens who had voluntarily traveled to Iraq; were arrested in Iraq for committing serious crimes there in violation of Iraqi law; were detained by the United States on Iraq's behalf; and filed habeas petitions seeking to halt the United States from relinquishing custody to Iraq so they could face pending criminal proceedings in Iraqi courts. *Munaf*, 553 U.S. at 694, 704; Petitioner's Reply 3–5, ECF No. 34. These facts were essential to *Munaf*'s holding. The United States, the Supreme Court explained, was merely acting as the "jailor" for Iraq, *Munaf*, 553 U.S. at 698, which had "exclusive jurisdiction to punish offenses against its laws committed within its borders," *id.* at 694–95 (citation omitted). The U.S. government's relinquishment of the *Munaf* petitioners to the local government, accordingly, was not an extradition to another country, but merely the physical transfer *within* the sovereign that had exclusive jurisdiction to punish the criminal offenses charged in that sovereign's courts. And in that case, the U.S. bore no responsibility for transferring the citizens to Iraqi soil; the citizens had voluntarily travelled to Iraq before they became detainees, and they remained present in Iraq during the entirety of their habeas proceedings. Under these specific circumstances, the *Munaf* petitioners were not seeking release from U.S. custody because release would "expose them to apprehension by Iraqi authorities for criminal prosecution—precisely what they went to federal court to avoid." *Id.* at 693–94.

Here, however, Petitioner did not voluntarily travel to Iraq (as the citizens in *Munaf* had done); rather, he was involuntarily rendered there from Syria. Moreover, the executive has detained Petitioner of its own accord, not on behalf of another sovereign. And no criminal proceedings are pending against Petitioner in any country, including the one in which he is being detained. Nothing in *Munaf* remotely suggests that merely by labeling an American citizen an "enemy combatant," the executive acquires *carte blanche* to render the citizen, whom it has been holding for its own purposes, to another country to defeat this Court's habeas jurisdiction.[2]

Finally, the Sealed Declaration represents that "it is U.S. government policy not to effect the involuntary transfer of a person to a country where the U.S. has determined that it is more likely than not the person would be tortured." Sealed Decl. ¶ 2. Again, the government misses the point. Petitioner's motion does not ask the Court to examine conditions in any foreign country. *See* Petitioner's Reply 4, ECF No. 34. It seeks to prevent the government from forcibly transferring Petitioner to *any* other country when there is no legal basis under U.S. law to do so and where that transfer would pretermit Petitioner's habeas action seeking his release from U.S. custody.[3]

---

[2] For the reasons previously stated, the Sealed Declaration likewise provides no support for the government's mistaken reliance on *Kiyemba v. Obama* (*Kiyemba II*), 561 F.3d 509 (D.C. Cir. 2009). *See* Petitioner's Reply 6–7, ECF No. 34.

[3] Petitioner notes that *ex parte* submissions "generally are disfavored because they conflict with a fundamental precept of our system of justice: a fair hearing requires a reasonable opportunity to know the claims of the opposing party and to meet them." *E.g.*, *United States v. Microsoft Corp.*, 56 F.3d 1448, 1465 (D.C. Cir. 1995). Such filings are particularly disfavored in habeas proceedings with cleared counsel involved. *See Al Odah v. United States*, 559 F.3d 539, 548 (D.C. Cir. 2009) (even if information is properly classified, Petitioner's cleared-counsel must have access to the information where it is "material" and where access "is necessary to facilitate meaningful review").

*UNDER SEAL*

Dated:  January 22, 2018                                         Respectfully submitted,

/s/ *Jonathan Hafetz*

Arthur B. Spitzer (D.C. Bar No. 235960)      Jonathan Hafetz (D.C. Bar No. NY0251)
American Civil Liberties Union                         Hina Shamsi (D.C. Bar No. MI0071)
  of the District of Columbia                                Dror Ladin (*pro hac vice*)
915 15th Street, NW, 2nd Floor                         Brett Max Kaufman (D.C. Bar No.
Washington, DC 20005                                        NY0224)
Tel: 202-457-0800                                                American Civil Liberties Union
Fax: 202-457-0805                                                Foundation
aspitzer@acludc.org                                          125 Broad Street—18th Floor
                                                                              New York, New York 10004
                                                                              Tel: 212-549-2500
                                                                              Fax: 212-549-2654
                                                                              jhafetz@aclu.org
                                                                              hshamsi@aclu.org
                                                                              dladin@aclu.org
                                                                              bkaufman@aclu.org

*Counsel for Petitioner*