IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:17-cv-2069 (TSC) |
| ) | |
| GEN. JAMES N. MATTIS, ) | |
| in his official capacity as SECRETARY ) | |
| OF DEFENSE, ) | |
| ) | |
| Respondent. ) | |

## **RESPONDENT'S NOTICE OF FILING PUBLIC VERSION OF ECF 77**

NOTICE is hereby given that, pursuant to the Court's Minute Order of April 17, 2018, attached are redacted versions, suitable for public filing, of the documents filed on April 16, 2018 as ECF No. 77.

April 17, 2018

Respectfully submitted,
CHAD A. READLER
Acting Assistant Attorney General
JESSIE K. LIU
United States Attorney
TERRY M. HENRY
Assistant Director, Federal Programs Branch

/s/ Kathryn L. Wyer
JAMES M. BURNHAM
Senior Counsel
KATHRYN L. WYER
Senior Trial Counsel, Federal Programs
OLIVIA HUSSEY SCOTT
Trial Attorney, Federal Programs
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel. (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:17-cv-2069 (TSC) |
| | ) |
| GEN. JAMES N. MATTIS, | ) |
| in his official capacity as SECRETARY | ) |
| OF DEFENSE, | ) |
| | ) |
| Respondent. | ) |

## RESPONDENT'S NOTICE PURSUANT TO THE COURT'S JANUARY 23, 2018 ORDER

Pursuant to the Court's January 23, 2018 Order (ECF No. 52),[1] Respondent hereby gives notice that the United States intends to relinquish custody of Petitioner John Doe and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ no sooner than 72 hours hence. Specifically, Petitioner will be transferred to the control of ▮▮▮▮▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮▮▮. As described in the attached Declaration of ▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ intends to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[2]

---

[1] This filing in compliance with the Court's order is made without prejudice to Respondent's position, previously advanced before this Court and currently before the Court of Appeals, that the Court lacks authority to impose a notice requirement in connection with Petitioner's transfer.

[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Consistent with previous filings in this Court and the Court of Appeals, this notice and the attached declaration are filed under seal in order to protect the identity of Petitioner and the identity of ▓▓▓▓▓▓▓▓▓▓ before transfer occurs, as well as the substance of diplomatic communications. *See* ▓▓▓▓▓ Decl. ¶ 11; ECF No. 38 (Jan. 12, 2018 Order). Previous filings have also protected the identity of countries to which Petitioner may be transferred so as not to harm diplomatic discussions with those countries.

April 16, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
JESSIE K. LIU
United States Attorney
TERRY M. HENRY
Assistant Director, Federal Programs Branch

/s/ Kathryn L. Wyer
JAMES M. BURNHAM
Senior Counsel
KATHRYN L. WYER
Senior Trial Counsel, Federal Programs
OLIVIA HUSSEY SCOTT
Trial Attorney, Federal Programs
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel. (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Respondent*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed under seal, along with attachments, will be served today by email on counsel for Petitioner.

/s/ Kathryn L. Wyer

3

UNDER SEAL

Declaration of ████████

I, ████████ pursuant to 28 U.S.C. § 1746, hereby declare and say as follows:

1. I have been ████████████████████████████████ at the U.S. Department of State since ████████. In my capacity as Deputy Assistant Secretary, I am responsible for coordinating U.S. foreign policy for the ████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████. The information herein is based upon my personal knowledge and upon information made available to me in the performance of my official duties.

2. In a March 6, 2018 call with current ████████████████ ██████████████████████████████████████████████ ██████████████, confirmed ████████████████ ████████ had agreed to accept the transfer of ████████ and provided assurances that ████████████████████ ██████████████████████████████████████████

---

[1] Consistent with my January 19, 2018 declaration in this case, transfer of ████████ to ████████████████████████ is being undertaken consistent with the policy of the United States not to effect the involuntary transfer of a person, regardless of whether the person is physically present in the United States, to a country where the United States has determined that it is more likely than not that the person would be tortured.

███████

████████████████████████████████, my understanding is that
████████████████████████████████████████████████████

████ Despite extended discussion with counsel to ██████ about this option, he ultimately declined to consent to the transfer. ██████████
████████████████████████████████████████████████████
████████████████████████

3. ████ has a strong interest in ████████████████████████
████. Its agreement to take custody of ██████ reflects its sovereign interest ████
████████████████████████████████████████████████████
██████████ Furthermore, ██████ has determined that ██████████
████████████████████████████████████ and has an interest in
████████████████████████████████████

4. ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

UNDER SEAL

5.

6.

7.

UNDER SEAL



8. U.S. officials, including ███ have engaged in extensive diplomatic discussions with ███ officials, ███ regarding ███ transfer. ███ Now that these intensive efforts have resulted in a commitment to transfer ███ it is imperative that the transfer occur quickly and smoothly. A temporary restraining order or preliminary injunction prohibiting or delaying ███ transfer would undermine the United States' credibility with an important foreign partner that has agreed to this request regarding ███ including as a demonstration of its commitment to and value of ███ bilateral relations with the United States. The Department of State must have the ability to make reliable representations and commitments when engaging directly with ███ on a matter of such sensitivity. A delay due to litigation could lead ███ to reconsider its position to accept ███ or could adversely affect its willingness to engage with the United States on some future detainee transfers.

9. During the course of discussions on the transfer ███

UNDER SEAL

████ agreement to the transfer despite the prospect of litigation that could delay or even prohibit the transfer is significant. While ████ understands that delays may occur, it is vital diplomatically that the United States is able to follow through promptly on its commitment ████████████████

10. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ has responded to our request in the most cooperative terms possible as a reflection of our close, strategic bilateral ties. Failure on our part to follow through promptly on ████ transfer could cause harm to our ongoing bilateral cooperation, including on future detainee transfers.

11. Because this declaration discloses aspects of sensitive diplomatic communications with ████ and sensitive details ████ it is being submitted under seal. Public disclosure of such matters would be inappropriate; further, ████████████████████████████████████████████ Public disclosure could undermine the U.S. Government's on-going diplomatic engagement with ████ on the transfer, which is not yet complete, and the U.S. Government's ability to reach acceptable detainee transfer arrangements with this and other countries. I know from experience that the type of dialogue required in this context can only occur in a confidential setting, and typically only within government-to-

UNDER SEAL

government channels. Even in circumstances in which the content of diplomatic discussions is the subject of public speculation or conjecture, or even is inappropriately made public by non-governmental actors, it is important that the United States honor its commitment to keep these discussions confidential in order to avoid the harms discussed above.

I declare under the penalty of perjury that the foregoing is true and correct

Executed on April 16, 2018

