IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:17-cv-2069 (TSC) |
| ) | |
| GEN. JAMES N. MATTIS, ) | |
| in his official capacity as SECRETARY ) | |
| OF DEFENSE, ) | |
| ) | |
| Respondent. ) | |

## **RESPONDENT'S NOTICE OF FILING PUBLIC VERSION OF SEALED FILING**

NOTICE is hereby given that attached are redacted versions, suitable for public filing, of the Notice and documents attached thereto, previously filed under seal as ECF No. 92. This filing incorporates redactions requested by Petitioner, as well as limited redactions by Respondent protecting the identity of declarants.

June 1, 2018                                         Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
JESSIE K. LIU
United States Attorney
TERRY M. HENRY
Assistant Director, Federal Programs Branch

/s/ Kathryn L. Wyer
JAMES M. BURNHAM
Senior Counsel
KATHRYN L. WYER
Senior Trial Counsel, Federal Programs
OLIVIA HUSSEY SCOTT
Trial Attorney, Federal Programs
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC  20530

Tel. (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:17-cv-2069 (TSC) |
| ) | |
| GEN. JAMES N. MATTIS, ) | ▉ |
| in his official capacity as SECRETARY ) | |
| OF DEFENSE, ) | |
| ) | |
| Respondent. ) | |

**NOTICE**

Respondent respectfully submits this Notice in order to apprise the Court of an inadvertent breach on the part of the Department of Defense ("DoD") of attorney-client communications between Petitioner and his American Civil Liberties Union Foundation ("ACLUF") attorneys. DoD deeply regrets this incident, and counsel for Respondent have conferred with Petitioner's counsel regarding appropriate remedial steps, to which Petitioner's counsel has agreed, as set forth below.

As described in the attached declarations, on April 23, 2018, a DoD employee became aware that telephone calls between Petitioner, from his location within a DoD facility in Iraq, and his attorneys, who were using a conference room within the United States Attorney's Office of the Southern District of New York ("SDNY"), had been recorded as part of routine DoD security monitoring of DoD telecommunications systems. Although Petitioner had originally communicated with ACLUF attorneys via systems that were not screened or recorded and that involved Petitioner's ACLUF attorneys having to travel to the Washington, D.C., area, DoD had arranged for telephone calls to SDNY, beginning on ▉ 2018, in order to facilitate

communications between Petitioner and his attorneys, based in New York City, in a fashion more convenient for Petitioner's counsel and not requiring counsel's travel to the Washington, D.C., area. Unfortunately, however, the DoD personnel who arranged for those calls were not aware the telephone lines used for the calls would be monitored.

As explained in the attached declarations, security monitoring operations unrelated to this litigation are conducted to ensure the security of DoD telecommunications systems. Part of those operations involved the recording of telephone calls from DoD telephones and placement of the recordings in a database. An analyst who had no involvement either with Petitioner or with this habeas proceeding, and who was screening recorded calls as part of the security monitoring program, ascertained that a number of calls between Petitioner, at the facility where he is held, and his attorneys, while at SDNY, had been recorded.

Upon realizing that the communications between Petitioner and his attorneys had been recorded, DoD took immediate steps to isolate those recordings, removing them from the database of recorded calls, placing them on a CD, and securing the CD in a safe. Only one DoD employee, the analyst referenced above, has listened to any portion of these calls. As explained, that employee has no involvement either with Petitioner, with detention operations, or with this habeas proceeding. The employee has been instructed not to reveal the content of what he heard, and he attests in a declaration attached hereto that he has not revealed the content of the calls and will not reveal their content in the future.

The Department of Justice ("DOJ") attorneys representing DoD in this action notified Petitioner's counsel about what had happened in person on April 27, 2018. Since that time, DoD, through its DOJ counsel, and Petitioner's counsel have communicated regarding how to proceed.

DoD provided Petitioner's counsel with drafts of the attached declarations in an effort to ensure that the declarations described what had occurred in sufficient detail and addressed any questions that Petitioner's counsel had. DoD also proposed that it would destroy the CD containing the sole remaining copies of the recordings. ACLUF has agreed to DoD's proposed remedial steps, and in response to ACLUF's request, DoD will create a copy of the CD (omitting metadata that cannot be shared with ACLUF) and provide it to ACLUF. DoD will then destroy the original CD. And with respect to the attached declarations, Respondent is redacting information from the filed public versions at the request of ACLUF.[1]

Again, Respondent regrets this incident. Since the time that this incident was discovered, DoD has been able to provide Petitioner and his counsel with access to unmonitored forms of communication at locations in the New York City area, and anticipates that it will continue to be able to provide such access going forward, as needed.

June 1, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
JESSIE K. LIU
United States Attorney
TERRY M. HENRY
Assistant Director, Federal Programs Branch

*/s/ Kathryn L. Wyer*
JAMES M. BURNHAM
Senior Counsel
KATHRYN L. WYER
Senior Trial Counsel, Federal Programs

---

[1] All information redacted from the filed public versions has been redacted at the request of ACLUF, with the exception of the declarants' names, which Respondent has redacted for the reasons stated in footnote 1 of the first attached declaration.

3

U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W
Washington, DC   20530
Tel. (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Petitioner, ) | Civil Action No. |
| ) | Case 1:17-cv-01928 (TSC) |
| v. ) | |
| ) | DECLARATION OF |
| GENERAL JAMES N. MATTIS, ) | ▓▓▓▓▓▓▓▓▓▓▓▓ |
| In his official capacity as SECRETARY ) | |
| OF DEFENSE, ) | |
| ) | |
| Respondent. ) | |

Pursuant to 28 U.S.C. § 1746, I, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓,[1] hereby declare:

1. I currently serve as the Chief of Staff for the Department of Defense organization with command responsibility for the activities described below. As Chief of Staff, I serve as the commander's principal assistant for directing, coordinating, and supervising the staff.

2. This declaration is provided for use in the above-captioned habeas corpus litigation brought by a U.S. citizen currently detained by the Department of Defense in Iraq. The statements made below are based on my personal knowledge and information made available to me in the performance of my official duties.

3. A DoD division located in the United States conducts security operations regarding DoD telecommunications systems to ensure the security of such systems and the security and propriety of communications over such systems. Part of these operations involves the recording of telephone calls made from unclassified DoD telephones and the placement of those recordings in a database.

---

[1] The public identification of the component within the Department of Defense responsible for the security activities described herein would cause serious damage to national security. My name is being redacted from this Declaration because I work in that component. For similar reasons, the name of the employee who is referenced in my declaration and who has also filed a declaration is likewise redacted.

4. On April 23, 2018, a civilian employee of the division was conducting routine screening of recorded calls in the database. This employee has no involvement with the facility where the U.S. citizen is detained, detention operations, or the legal case involving the U.S. citizen. The employee also was not aware at the time that the U.S. citizen had been communicating with his attorneys through calls involving a phone number within the employee's relevant screening duties and a telephone in the U.S. Attorney's Office in the Southern District of New York, located in New York City.

5. Based on criteria that did not involve knowledge of who was making a call or the substance of the conversations on the call, the employee began listening to a call between the phone number within the employee's screening duties and a number the first eight digits of which were (212) 637-05XX. Initially, the employee did not understand what he was listening to, but as he continued to listen, he realized this was not a call involving a DoD employee. After approximately 20 minutes, he realized he was listening to an attorney talking to someone who appeared to be in confinement. He then remembered hearing that a U.S. citizen was in DoD custody, and he stopped listening to the call.

6. The employee performed and completed a database search for recordings of other calls to or from the number whose first eight digits were (212) 637-05XX and found six other calls (thus seven total) involving those two phone numbers. One of these calls occurred on ▮▮▮, 2018; the employee listened to this call for approximately 10 minutes to confirm it was another phone call between the U.S. citizen and his attorneys. He thus concluded that all seven calls were likely also in this category. He did not listen to the contents of any call other than the two mentioned above. The civilian employee also determined that no other division personnel listened to any of the above listed telephone calls.

7. The employee promptly notified his supervisor, who consulted with his superiors and one of the command's military attorneys. During these discussions, the employee only described the steps taken explained above and stated that he listened to phone calls between a detainee and his attorneys as described in ¶¶ 5-6 above. He did not reveal the content of any of the phone calls, nor did he explain what he heard that led him to believe these were discussions with an attorney. The New York City telephone numbers at issue were subsequently identified as belonging to the U.S. Attorney's office in New York City.

8. As the employee had no involvement with detention operations, he was not aware of any calls beyond those seven he identified as likely occurring between the U.S. citizen and his attorneys. Accordingly, DoD personnel who arranged the phone calls between the U.S. citizen and his attorneys made efforts to identify other phone numbers that could have been used. The following is a summary of the 18 calls that were identified in the division's database as occurring between the same phone number within the employee's screening duties and the New York City area code numbers that are known to have been used in the calls between the U.S. citizen and his attorneys:


a. ▮▮▮ 2018: a 40 second call. Based on information I have received in developing this declaration, this was a test call performed by DoD personnel to ensure there would be no technical issues with the planned detainee-attorney call scheduled for the next day.

b. ▮▮▮ 2018: a ▮▮▮ call. This is the call described above that was listened to for approximately 10 minutes.

c. ▮▮▮ 2018: a ▮▮▮ call.

d. ▮▮▮ 2018: two calls made consecutively, one lasting ▮▮▮ and the other lasting ▮▮▮.

e. ▮▮▮ 2018: nine calls made consecutively, each lasting less than 16 seconds. Based on information I have received in developing this declaration, this series of calls went unanswered by the recipient party in New York because DoD was calling the incorrect number.

f. ▮▮▮ 2018: two calls made consecutively, one lasting ▮▮▮ and one lasting ▮▮▮.

g. ▮▮▮ 2018: a ▮▮▮ call.

h. ▮▮▮ 2018: a ▮▮▮ call. This is the call described above that was listened to for approximately 20 minutes.

None of these 18 calls was monitored nor were the recordings of the calls listened to other than as noted in subparagraphs (b) and (h).

9. After these 18 calls were identified, the employee transferred the recordings made of all the telephone calls listed in ¶ 8 above from the database and placed them on a CD, which he secured in a sealed, signed envelope in a workplace safe. Division personnel have been instructed not to open this safe. The employee also took steps to ensure that the recordings in the database would be permanently inaccessible to division personnel (who are the only individuals who have access to the database), with no other physical or electronic copies of the recordings being made, including automated or manual backup copies. The content of the recordings and metadata related to them were not distributed to or within any U.S. government system or database. Pursuant to the request of the U.S. citizen's counsel, a copy of the recordings on the CD are being copied, by the employee and without his listening to the recordings, to an additional CD, which is being provided to those counsel. Subsequent to providing that copy and the filing of this Declaration, and with the consent of the U.S. citizen and his counsel, the original CD containing the recordings will be destroyed.



10. The employee was directed not to discuss the substance of the calls with anyone. He had not done so prior to being instructed and has been instructed not to do so in the future.

11. Based on information I have received in developing this declaration, DoD personnel involved in arranging the calls between the U.S. citizen and his attorneys believed that all of the communications were completely private. Calls made prior to ▮▮▮▮ 2018, were conducted on systems that were not screened or recorded. Personnel went so far as to create additional noise (a laptop just outside the door with music playing) to ensure personnel in the facility could not hear what the detainee was saying. On ▮▮▮▮, 2018, the communications were changed to utilize the telephone numbers described in paragraphs 5-8 above in an effort to provide a more accessible method of communication for the attorneys.

12. After attorneys within the DoD Office of General Counsel were notified of the above events, they advised there had also been a telephone call between the detainee and his attorneys on ▮▮▮▮ 2018. The employee was directed to recheck the database to ensure this call had not been inadvertently missed when the other calls were transferred to CD. The employee's database search did not find any calls other than those listed in paragraph 11 between the phone numbers known to have been used in the calls between the U.S. citizen and his attorneys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __March 21__, 2018.



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, <br><br> Petitioner, <br><br> v. <br><br> GENERAL JAMES N. MATTIS, <br> In his official capacity as SECRETARY <br> OF DEFENSE, <br><br> Respondent. | Civil Action No. <br> Case 1:17-cv-01928 (TSC) <br><br> DECLARATION OF <br> ▮▮▮▮▮▮▮▮▮ |

Pursuant to 28 U.S.C. § 1746, I, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, hereby declare:

1. I am the employee referred to in the declaration of ▮▮▮▮▮▮▮▮▮▮ as having listened to portions of two telephone calls between a U.S. citizen detainee and his attorneys. The statements in this declaration are based on my personal knowledge.

2. I have not revealed the content of either of the telephone calls and I will not do so in the future. In discussing this situation with others as described in the other declaration, I did not explain what I heard that led me to believe these were discussions with an attorney.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___May 4___, 2018.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮