UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

    *Petitioner*,

    v.

GEN. JAMES N. MATTIS,
  in his official capacity as SECRETARY OF DEFENSE,

    *Respondent*.

No. 17-cv-2069 (TSC)

# ECF 97

# REDACTED VERSION FOR PUBLIC FILING

~~UNDER SEAL~~

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>              *Petitioner*,<br><br>      v.<br><br>GEN. JAMES N. MATTIS,<br>  in his official capacity as SECRETARY OF DEFENSE,<br><br>              *Respondent*. | No. 17-cv-2069 (TSC)<br><br>~~UNDER SEAL~~ |

**APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1, Petitioner John Doe hereby applies for the issuance of a temporary restraining order prohibiting Respondent (along with his respective successors in office, officers, agents, servants, employees, and anyone acting in concert with him) from releasing Petitioner into an area the government has itself repeatedly described as an active battlefield in Syria, that the government itself continues to describe as exceedingly dangerous, and that is controlled by the same forces who have already demonstrated their hostility to Petitioner by shooting at him, beating him, and threatening him with death. Compounding this danger, Respondent refuses to furnish Petitioner, an American citizen, with any identification or indication of why the United States has placed him in this dangerous territory after nearly nine months of military detention as an alleged "enemy combatant." As Petitioner's evidence will show, Respondent's proposed "release" is equivalent to certain danger and possible death. This violates the Department of Defense's legal obligations and policies, the Fifth Amendment to the U.S. Constitution, and the guarantees of habeas corpus.

This motion is based on the memorandum of points and authorities submitted herewith, as well as all declarations, pleadings, and other filings submitted in this action. The grounds for this application are that an unsafe release in Syria would violate Petitioner's constitutional and statutory rights. Additionally, Petitioner will suffer irreparable injury if Respondent is not enjoined, and the harms Petitioner will suffer absent an injunction far outweigh the harms to Respondent if a temporary restraining order issues. Finally, the public interest favors the issuance of a temporary restraining order.

Dated: June 7, 2018                                    Respectfully submitted,

                                                       /s/ *Jonathan Hafetz*

Arthur B. Spitzer (D.C. Bar No. 235960)                Jonathan Hafetz (D.C. Bar No. NY0251)
American Civil Liberties Union                         Dror Ladin (*pro hac vice*)
 of the District of Columbia                           Anna Diakun
915 15th Street, NW, 2nd Floor                         Brett Max Kaufman (D.C. Bar No. NY0224)
Washington, DC 20005                                   Hina Shamsi (D.C. Bar No. MI0071)
Tel: 202-457-0800                                      American Civil Liberties Union Foundation
Fax: 202-457-0805                                      125 Broad Street—18th Floor
aspitzer@acludc.org                                    New York, New York 10004
                                                       Tel: 212-549-2500
                                                       Fax: 212-549-2654
                                                       jhafetz@aclu.org
                                                       dladin@aclu.org
                                                       adiakun@aclu.org
                                                       bkaufman@aclu.org
                                                       hshamsi@aclu.org

*Counsel for Petitioner*