IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 1:17-cv-2069 (TSC) |
| | ) |
| v. | ) |
| | ) |
| GEN. JAMES N. MATTIS, in his official capacity as SECRETARY OF DEFENSE, | ) ) ) |
| | ) |
| Respondent. | ) |

# PROTECTIVE ORDER

**A.     Overview and Applicability**

1.     This Protective Order establishes procedures that must be followed by John Doe ("Petitioner") and his counsel ("Petitioner's Counsel") who, in connection with this case, receive access to confidential information or documents or other protected information.

2.     The procedures set forth in this Protective Order apply to all aspects of this case and may be modified by further order of the Court upon its own motion or upon application by any party. The Court retains continuing jurisdiction to enforce or modify the terms of this Protective Order.

3.     Nothing in this Protective Order precludes the Government's use outside of this case of protected information as otherwise authorized by law, nor does it require the Government to disclose protected information to any person or entitle any person to protected information without the Government's consent.

4.     As appropriate and needed, Petitioner's Counsel is responsible for advising their employees, support staff, and Petitioner of the Protective Order's contents.

**B.     Definitions**

5.     As used in this Protective Order, the words "documents" and "information" include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies, whether different from the original by reason of notation made on such copies or otherwise, and further include, but are not limited to:

a.     papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts, graphs, interoffice and intra-office communications, notations of any sort concerning conversations, meetings, or other communications, bulletins, teletypes, telegrams, facsimiles, invoices, worksheets, and drafts, alterations, modifications, changes, and amendments of any kind to the foregoing;

b.      graphic or oral records or representations of any kind, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videos, sound recordings of any kind, and motion pictures;

c.      electronic, mechanical or electric records of any kind, including, but not limited to, tapes, cassettes, disks, recordings, electronic mail, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

d.      information acquired orally.

6.      The terms "protected information and/or documents," "protected information," and "protected documents" mean any document or information the Court deems, either *sua sponte* or upon designation pursuant to paragraph 9 of this Protective Order, not suitable for public filing.

7.      As used in this Protective Order, the term "Petitioner's Counsel" includes attorneys employed or retained by or on behalf of Petitioner for purposes of representing Petitioner in this habeas corpus case, as well as co-counsel, interpreters/translators, paralegals, investigators, and all other personnel or support staff employed or engaged to assist in the litigation.. Access to protected information by Petitioner's Counsel is governed by Section I.C of this Protective Order.

8.      "Access to protected information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information or protected information.

**C.      Designation Procedures for and Access to Protected Information and Documents**

9.      Should government counsel wish to have the Court deem any document or information "protected," government counsel shall disclose the information to qualified counsel for Petitioner—i.e., counsel who have satisfied the necessary requisites of this Protective Order for the viewing of protected information—and attempt to reach an agreement about the designation of the information prior to filing a motion with the Court. Petitioner's counsel shall treat such disclosed information as protected unless and until the Court rules that the information should not be designated as protected.

10.     Without authorization from the Government or the Court, protected information shall not be disclosed or distributed to any person or entity other than the following:

a.      Petitioner's Counsel, provided such individuals signed the Acknowledgment, attached hereto as Exhibit A, attesting to the fact that they read this Protective Order and agree to be bound by its terms; and

b.      experts retained by Petitioner's Counsel, provided such individuals signed the Acknowledgment, attached hereto as Exhibit A attesting to the fact that they read this Protective Order and agree to be bound by its terms, and the signed Acknowledgment is provided to Government counsel, together with a list of all protected documents or information to be provided to that individual, prior to disclosure and Government counsel agrees; and

c.      the Court and its support personnel;

and

d.	Government counsel.

11.	The execution of the Acknowledgment is a condition precedent to Petitioner's Counsel having access to, or continued access to, protected information for the purposes of this case. A copy of each executed Acknowledgment shall be kept by counsel making the disclosure until thirty days after the termination of this action, including any appeals.

12.	The substitution, departure, or removal of Petitioner's Counsel from this case for any reason shall not release that person from the provisions of this Protective Order or the Acknowledgment executed in connection with this Protective Order.

13.	Petitioner's counsel shall store, handle, and maintain all protected information and documents received through this case in a confidential manner.

14.	Petitioner's counsel shall not disclose to Petitioner protected information that was not communicated by Petitioner directly to counsel during the course of communications, without prior concurrence of Government counsel or express permission of the Court.

15.	Except as otherwise provided herein, neither Petitioner nor Petitioner's Counsel shall disclose or cause to be disclosed any information known or believed to be protected in connection with any hearing or proceeding in this case.

16.	At no time, including any period subsequent to the conclusion of this case, will Petitioner's Counsel make any public or private statements disclosing or confirming the substance of any protected information or documents accessed pursuant to this Protective Order.

17.	Protected information shall be used only for purposes of litigating this case and not for any other litigation or proceeding, except with consent of the Government or by leave of the Court. Photocopies of documents containing protected information shall be made only to the extent necessary to facilitate the permitted use hereunder.

18.	Nothing in this Protective Order shall prevent the Government from using for any purpose protected information it provides to Petitioner's Counsel. Nothing in this Protective Order shall entitle Petitioner, Petitioner's Counsel, or any other person access to protected information.

19.	Supplying protected information to Petitioner's Counsel does not waive privilege with respect to any person or use outside that permitted by this Protective Order.

20.	Within sixty days of the resolution of this case, and the termination of any appeals therefrom, all protected documents or information, and any copies thereof, including protected documents or information in the possession of experts, shall be promptly destroyed, and Petitioner's Counsel and any experts who have received such information from Petitioner's counsel pursuant to this Protective Order shall certify in writing that all designated documents and materials have been destroyed, provided that Government counsel and Petitioner's counsel may retain one complete set of any Court filing or opinion that contains protected information.

Any such retained materials shall be placed in an envelope or envelopes marked "Protected Information Subject to Protective Order." Additionally, Petitioner's counsel shall be permitted to retain the CD containing the conversations between Petitioner and Petitioner's counsel that the government inadvertently recorded (as described in the government's Notice dated June 1, 2018 (ECF No. 93-1)).

### D.  Procedures for Filing Documents

21. Protected Information Filing by Petitioner and Respondent.

a. Any pleading or other document that Petitioner's Counsel or Respondent have reason to believe contains or Petitioner's Counsel is uncertain whether it contains protected information shall be filed under seal pursuant to the Court's local rules and procedures governing electronic filing of sealed information in unsealed cases. At the time of the submission of a filing containing protected information, the party shall file on the public record in the CM/ECF system a "Notice of Filing," notifying the Court that a protected information submission was made and specifying in general terms the nature of the filing without disclosing any potentially protected information. As soon as practicable following the original filing date, counsel for the party submitting the protected information shall file in the CM/ECF system a version of the pleading or document appropriate for filing on the public record.

b. This Protective Order shall constitute authorization for Petitioner and Respondent to file protected information under seal. That is, no motion to seal is required at the time of submission of the pleading or document to the Clerk's Office or the CM/ECF system.

c. Nothing herein requires the Government to disclose protected information. Additionally, nothing herein prohibits the Government from submitting protected information to the Court *in camera* or *ex parte* in these proceedings or entitles Petitioner or Petitioner's Counsel access to such submissions or information. Except for good cause shown in the filing, the Government shall provide Petitioner's Counsel with notice of the *in camera* or *ex parte* submission on the date of the filing.

22. Disclosure of Protected Information on the Public Record. In the event Respondent believes that protected information has been disclosed on the public docket, Respondent shall notify the Clerk's Office and Court chambers as needed to remove the filing from the public docket. A copy of the filing shall then be filed and treated according to paragraph 21 of this Protective Order. Nothing herein limits the Government's authority to take necessary remedial action to ensure the protection of the protected information.

### E.  Penalties for Unauthorized Disclosure

23. Any violation of the terms of this Protective Order shall be immediately brought to the attention of the Court and may result in a charge of contempt of Court. Any breach of this Protective Order may also result in the termination of access to protected information. Persons subject to this Protective Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of protected documents or information could risk the security of United States Government personnel and facilities and other significant Government interests.

This Protective Order is to ensure that those authorized to receive protected information will not divulge this information to anyone who is not authorized to receive it without prior written authorization from the original classification authority and in conformity with this Protective Order.

24.     The termination of these proceedings shall not relieve any person or party provided protected information of his, her, or its obligations under this Protective Order.

*Tanya S. Chutkan*
Tanya S. Chutkan
United States District Judge

DATED: June 15, 2018

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 1:17-cv-2069 (TSC) |
| v. | ) |
| | ) |
| GEN. JAMES N. MATTIS, | ) |
| in his official capacity as SECRETARY | ) |
| OF DEFENSE, | ) |
| | ) |
| Respondent. | ) |

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he/she has read the Protective Order entered on _____, in the above-captioned case in the United States District Court for the District of Columbia, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any protected information or documents made available to him/her other than as provided by the Protective Order. The undersigned acknowledges that his/her duties under the Protective Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Protective Order may result in the imposition of sanctions by the Court.

Dated: _____    BY: _____
                                              (type or print name)


                                       SIGNED: _____