**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN DOE,<br><br>    *Petitioner*,<br><br>    v.<br><br>GEN. JAMES N. MATTIS,<br> in his official capacity as SECRETARY OF DEFENSE,<br><br>    *Respondent*. | No. 17-cv-2069 (TSC) |

# ECF 106

# REDACTED VERSION FOR PUBLIC FILING

~~UNDER SEAL~~

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    *Petitioner*,<br><br>v.<br><br>GEN. JAMES N. MATTIS,<br>  in his official capacity as SECRETARY OF DEFENSE,<br><br>    *Respondent*. | No. 17-cv-2069 (TSC)<br><br>~~UNDER SEAL~~ |

## MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1, Petitioner John Doe hereby moves for a preliminary injunction prohibiting Respondent (along with his respective successors in office, officers, agents, servants, employees, and anyone acting in concert with him) from, *inter alia*, transferring Petitioner and releasing him from U.S. custody into an area of a war-torn country █████████████████████████████████████████████. Compounding this danger, the government will not provide Petitioner with a passport or other travel documents, which will effectively strand him in this dangerous location, after it has unlawfully detained him for nearly nine months as an alleged "enemy combatant." As the record shows, Respondent's proposed "release" is equivalent to certain danger and possible death. This violates the Department of Defense's legal obligations and policies, international humanitarian law, the Fifth Amendment to the U.S. Constitution, and the guarantees of habeas corpus.

This motion is based on the memorandum of points and authorities submitted herewith, as well as all declarations, pleadings, and other filings submitted in this action. The grounds for this motion are that an unsafe release in Syria would violate Petitioner's constitutional and

statutory rights and international humanitarian law, and that the government lacks the positive legal authority it needs to involuntarily transfer Petitioner across international borders and release him without travel documents in Syria, a country he would not be able to safely and legally leave. Additionally, Petitioner will suffer irreparable injury if Respondent is not enjoined, and the harms Petitioner will suffer absent an injunction far outweigh the harms to Respondent if a preliminary injunction issues. Finally, the public interest favors the issuance of a preliminary injunction.

Dated:  June 22, 2018

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the District of Columbia
915 15th Street, NW, 2nd Floor
Washington, DC 20005
Tel: 202-457-0800
Fax: 202-457-0805
aspitzer@acludc.org

Respectfully submitted,

/s/ *Jonathan Hafetz*

Jonathan Hafetz (D.C. Bar No. NY0251)
Anna Diakun
Brett Max Kaufman (D.C. Bar No. NY0224)
Dror Ladin (*pro hac vice*)
Hina Shamsi (D.C. Bar No. MI0071)
American Civil Liberties Union Foundation
125 Broad Street—18th Floor
New York, New York 10004
Tel: 212-549-2500
Fax: 212-549-2654
jhafetz@aclu.org
adiakun@aclu.org
bkaufman@aclu.org
dladin@aclu.org
hshamsi@aclu.org

*Counsel for Petitioner*