**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN DOE,<br><br>               *Petitioner*,<br><br>     v.<br><br>LLOYD AUSTIN,<br>  in his official capacity as<br>  SECRETARY OF DEFENSE,<br><br>               *Respondent*. | No. 17-cv-2069 (TSC) |

# ECF 106-2

# REDACTED VERSION FOR PUBLIC FILING

UNDER SEAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>*Petitioner*,<br><br>v.<br><br>GEN. JAMES N. MATTIS,<br>  in his official capacity as SECRETARY OF DEFENSE,<br><br>*Respondent*. | No. 17-cv-2069 (TSC)<br><br>UNDER SEAL |

**SUPPLEMENTAL DECLARATION OF JONATHAN HAFETZ**

I, Jonathan Hafetz, hereby declare:

1. I am counsel for Petitioner in the above-captioned action.

2. I am providing this supplemental declaration based on information Petitioner conveyed to ACLU counsel because Petitioner is unable to submit a declaration himself due to the circumstances of his detention.

3. This information is based on a video teleconference call I had with Petitioner on June 15, 2018, following the filing of the government's Supplemental Memorandum in Opposition to Petitioner's Application for a Temporary Restraining Order ("Supplemental Memorandum") on June 14, 2018, as well as notes I have reviewed documenting a secure telephone call my colleague Brett Max Kaufman had with Petitioner on June 20, 2018.

4. When the DOD medic who examined Petitioner at the U.S. safe house in Syria examined Petitioner's head before the United States transported Petitioner to Iraq, he noticed a 2.5-inch scar on the left side and asked Petitioner about it. Petitioner told him it was an old scar from many years ago. The medic then noticed a bruise on the back of Petitioner's head. He asked Petitioner if he had been hit there, and Petitioner told him that he had been hit on the head while in SDF custody, making a fist to demonstrate to the medic where on his head it had happened. The official did not ask any follow-up questions concerning the origin of the bruise.

5. The medical official observed the scar and bruise when he was examining Petitioner's head with his hands, using his fingers to look beneath Petitioner's hair. Neither the scar nor bruise would have been visible in a photograph due to Petitioner's hair.

6. Approximately one month after being taken into U.S. custody, Petitioner began experiencing dizziness that made it difficult for him to walk or sit comfortably. The U.S. medical official who examined Petitioner at that time told Petitioner the dizziness could be due to the movement of what Petitioner recalls the official describing as a stone in Petitioner's ear. Petitioner then asked whether the dizziness could be related to a blow Petitioner had received in the back of his head. The medical official said that a blow to the head could have been the cause of the dizziness he was experiencing.

7. Petitioner again expressed his willingness to provide further details or clarification regarding any of the information Petitioner has conveyed. Petitioner has also offered to testify under penalty of perjury regarding the matters described in this supplemental declaration or in my June 7, 2018 declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of June, 2018

_____
Jonathan Hafetz